WILLIAM VEATCH *v.* W. B. TATURN, ET AL.

**Judgment for Costs by Mistake.**

> Where the trial court directed that no judgment should be entered against the appellant for costs, and the attorney drawing the entry by mistake drew up a judgment for costs against him, and no minutes or memorandum is referred to, and where there is no means of establishing the mistake except to prove it by oral testimony, it cannot be allowed, as such evidence is not admissible to correct such judgment.

APPEAL FROM MARION CIRCUIT COURT.

February 4, 1880.

OPINION BY JUDGE COFER:

The allegations in the petition amount to no more than this, that the judge directed that no judgment should be entered against the

appellant for costs, and that by mistake the attorney drew up a judgment against him for the costs of the action. Nothing is alleged which conduces in the remotest degree to prove fraud.

No minutes nor memorandum is referred to, and so far as appears the only means of establishing the alleged mistake would be to prove it by oral testimony. This certainly could not be allowed. Such a practice would greatly impair the records of courts and would lead to the most disastrous results. It would make the rights of litigants and the evidence of the decisions of the courts to depend upon the memory of witnesses, rather than upon the verity of public records.

The law, to guard against such mistakes, directs that the orders of each day shall be publicly read on the succeeding day, and parties and attorneys may, by attending to the reading, generally protect themselves against such mistakes, and an occasional failure and consequent injustice will be more than compensated by the greater sanctity of public records resulting from the rule excluding parol evidence in a case like this.

Moreover, it is exceedingly questionable whether if the judgment complained of were set aside the court would not be compelled to re-enter the same judgment. Secs. 12 and 13, Chap. 26, Gen. Stats. This is not of the class of cases in which the court has a discretion in awarding costs to the successful party.

Judgment *affirmed*.

*W. B. Harrison, for appellant. Belden & Shuck, for appellees.*