## Desha's Admrs, et al. v. Harrison County.

(Decided January 20, 1911.)

### Appeal from Harrison Circuit Court.

Action by County Attorney to Recover Money Paid to County Clerk Upon His Voucher.—In this action by the County Attorney to recover for Harrison county money paid to appellant's decedent upon a voucher issued to himself as County Court Clerk. Held, that the county had no right to maintain this action in the Circuit Court for the reason that such an action is a collateral attack upon a fiscal court record. If the county conceives that a fraud has been practiced upon it, it must overthrow the fiscal court record in a direct proceeding before it can recover from the estate of the clerk, or his bondsmen the money which he received under the order.

J. J. OSBORNE for appellant.

M. C. SWINFORD, T. E. KING and M. G. LAND for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Reversing.

The question involved upon this appeal is, may the record of the fiscal court be impeached by parol testimony in a collateral proceeding. The facts out of which this litigation grows are, as follows: Claude Desha was the clerk of the Harrison county court. His term of office expired January 1, 1906. A few days before the end of his term as clerk he collected from the county treasurer, on a voucher payable to himself, the sum of $396.42. A minute on the minute book of the Harrison county fiscal court, bearing date October 20, 1905, showed that this claim for this amount was presented by said clerk and allowed, and the order book of the fiscal court of Harrison county contains an order, entered on October 20, 1905, allowing said claim. These records all

appear to have been made by Desha, the county clerk, whose duty it was to make same, and they were signed by the county judge in regular order.

In May, 1906, the county attorney of Harrison county instituted a suit in the Harrison circuit court against Desha, in which he sought to recover from him and the sureties on his bond as clerk the amount of money which he had received from the county on this voucher. The ground relied upon for recovery was that the minute and order were not made by the fiscal court. Shortly after this suit was filed Desha died. His administrators were made parties to the suit, and on a trial the county recovered of his administrators and the sureties on his bonds the sum of $302.57. From that judgment this appeal is prosecuted.

It was insisted by the defendants in the court below, as it is here, that the county had no right to maintain this suit in the circuit court, for the reason that such action was a collateral attack on the fiscal court record, which record stands in the nature of a judgment of the court, and that parol testimony could not be heard in a collateral attack upon such record for the purpose of nullifying, avoiding, contradicting or impeaching it. Upon the trial in the circuit court the county judge and justices of the peace, who were members of the fiscal court, were permitted to testify that from their recollection no such claim was presented to or allowed by said court. From their testimony the inference is clearly deducible that the record on the minute book, and on the order book as well, was made by the said clerk in his favor without the knowledge of the court. The itemized account which purported to have been filed by the clerk at the time the claim was allowed was taken up and dissected in the circuit court, and such items thereof as the court conceived to be proper charges were allowed, and others rejected. The trial proceeded in the circuit court as though the record in the fiscal court was not in existence.

Whether this order on the record of the Harrison fiscal court allowing this claim rises to the dignity of a judgment or not, it is unnecessary to decide. It is certainly a court record, and the question for consideration is, may a record be impeached by parol evidence in a collateral proceeding?

In 34 Cyc., 614, the general rule is thus stated: "A public record imports absolute verity, and every public

record is presumed to be correct, and cannot be collaterally attacked.''

In the case of Handley v. Russell, 3 Ky., 152, decided in 1807, this identical question was before' this court, and it was held that the minutes of a county court are conclusive evidence of what was done in that court, and cannot be contradicted by parol evidence. The minutes of the county court showed that the defendant appeared and took the oath as sheriff. In the trial he offered to show by parol that he had not taken the oath. The lower court refused to permit the testimony to be given, and, upon appeal, this ruling was upheld.

Again, in the case of Bennett, et al. v. Tiernay, et al., 78 Ky., 580, this court, in discussing the credit that should be given a record, said:

''Whatever orders are so entered by the clerk become, when signed by the judge at the next term, as much the act of the court as if they had been entered and signed during the term; and parol evidence is not admissible to show that they were not so entered and signed, except in a direct proceeding to set them aside. After such orders are signed the record imports absolute verity, and they must for every purpose be treated as orders of the term at which they purport to have been made.''

And in the case of Danville, Dix River & L. Turnpike Road Co. v. Lincoln County Fiscal Court, 77 S. W., 379, it was held that a fiscal court is a court of record and can speak only through its orders, and these, in the absence of fraud or mistake, cannot be contradicted or impeached by oral testimony.

These authorities settle this contention adversely to the claim of Harrison county. So long as the record in the Harrison fiscal court remains, no oral evidence can be introduced in a collateral proceeding attacking its verity and correctness. If the county conceives that a fraud has been perpetrated upon it, it must overthrow this record in a direct proceeding before it can proceed against Desha or his bondsmen to recover the money which he received under it. The county attorney may, upon notice to the personal representatives of Desha, take steps in the fiscal court to have the order in question set aside, and either party may prosecute an appeal to the circuit court from the action of the fiscal court upon such motion or proceeding.

Judgment reversed and cause remanded for further proceedings consistent herewith.