### Upchurch, et al. v. Helton.

(Decided October 24, 1924.)

#### Appeal from McCreary Circuit Court.

1. Witnesses—When Guardian's Bond Lost, County Judge Competent Witness to Testify to Contents.—After it was shown that bond of guardian was lost, county judge, who had taken bond and copied it into bond book, was competent witness to testify to contents thereof and signatures thereto, under Civil Code of Practice, section 7.

2. Lost Instruments—Suit Proper on Lost Guardian's Bond without Supplying Bond Under Statute.—Where bond of guardian was lost, infant could sue thereon without attempting to supply lost bond in manner provided by Ky. Stats., section 3998, there being copy of bond in bond book, to which county judge could testify.

3. Appeal and Error—Defendants having Placed Whole Defense on Pleas of Non Est Factum Cannot Complain of Instruction as to Amount of Recovery.—On appeal by sureties on guardian's bond, they cannot complain of instruction that, if defendants signed bond, they should find judgment for amount of prior judgment

against guardian, with interest, where amount was not in issue and whole defense was on pleas of non est factum.

HENRY C. GILLIS for appellants.

STEPHENS & STEELEY and H. M. CLINE for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

The appellants seek to reverse a judgment for $840.00 obtained by Lena Helton against them as sureties of Fount Carter, her guardian.

McCreary county was created in the year 1912 and the seat of government was for a time at Pine Knot, and during that time there was considerable confusion over the permanent location of the county seat of the new county. The records were kept in different buildings, and it was impossible to care for them as they should have been cared for during this period of confusion.

On September 13, 1913, Lena Sumner, who is now the appellee, Lena Helton, being then more than fourteen years of age, selected Fount Carter as her guardian and he qualified by executing bond with W. P. Upchurch, Dock Martin and Jesse Wilder as sureties. In 1916 Carter made a settlement, to which exceptions were filed, and the case finally reached the circuit court. The matter was heard in the circuit court and a judgment was rendered in favor of Lena Helton and against Fount Carter in the sum of $840.00 with interest from March 20, 1920. An execution issued on that judgment was returned "no property found." Lena Helton began this suit in the McCreary circuit court against the sureties on Carter's bond. Jesse Wilder did not answer, and judgment was taken against him by default. Upchurch and Martin answered and denied the execution of the bond.

This case was heard in the circuit court, and resulted in a verdict in favor of Lena Helton against Martin and Upchurch, for $840.00 with interest. Their motion for a new trial was overruled, and they have appealed and are complaining that the court admitted incompetent evidence against them.

The original bond executed by Carter could not be found, but there was offered in evidence a copy of this bond made by J. E. Williams, the county judge, who had taken the bond in the first place, and who at the time,

copied same on to the bond book in the county clerk's office.

By section 7 of the Code it is provided that an action may be brought upon a lost obligation, and after it was shown that this obligation was lost, then the county judge who had taken the bond and copied it on to the bond book, was a competent witness to testify to the contents thereof, and the signatures thereto. It was insisted for appellants that this lost bond should have been supplied in the manner provided by section 3993 of the Kentucky Statutes, but there is nothing in this section of the statutes that precludes the recovery by a beneficiary of a bond, where the bond is lost, and has not been supplied as contemplated by this section. It would, indeed, be a strange requirement if an infant were required to safeguard the records of the county clerk's office, and would be charged with the duty of having to go through the proceeding required by the above section, before instituting an action to recover upon a bond that has been lost.

A man of mature years who has lost a note can sue his note maker, and recover upon the lost obligation, and we can see no reason why an infant should not have the same opportunity to recover a lost bond. To hold otherwise would be to impose upon infants difficulties not imposed upon those of mature years. The county judge testified that he knew the handwriting of the sureties and that this bond was signed by the sureties named.

In Bess v. Com., 118 Ky. 858, 82 S. W. 576, 26 Rep. 839, a witness for the Commonwealth at first testified that she had not seen defendant write, but, on having her memory refreshed, testified that he wrote her a receipt once. She was then asked if she was familiar with his handwriting, and responded that she was, and could tell it. Held sufficient to qualify the witness to identify certain notes claimed to have been received by the witness from defendant after the death of the deceased, which, if written by defendant, tended to establish his guilt.

Appellants complain that the court told the jury that if they believed that the appellants had signed the bond, they should find a judgment against them for $840.00 with interest from March 20, 1920. They insist that the jury should have been given some discretion as to the amount they should find against appellants, but that was not in issue. The sole defense of the appellants was that

they had not signed the bond.   There was no issue made as to the amount due the appellee from her guardian, and as they saw fit to place their whole defense upon their plea of *non est factum*, they cannot complain now of other issues which they might have raised.

The jury was properly instructed, the evidence was conflicting, and their verdict will not be disturbed.

The judgment is affirmed.