# Elliott's Administratrix, et al. v. Presbyterian Church of Bardstown, et al.

(Decided June 15, 1926.)

## Appeal from Nelson Circuit Court.

1. Judgment.—For a judgment in suit for construction of will to be conclusive in subsequent suit involving same will, it must appear with reasonable certainty that very matter in dispute was subject of judicial determination.

2. Judgment—Recitation in Judgment Construing Will as to Extent of Testatrix's Interest Held Not Conclusive, where Not Responsive to Issue and Merely Following Language of Will.—Where, in suit to construe will, there was no issue made or contest over extent of testatrix's interest in property, judgment therein referring to testatrix's "more than two-thirds interest," which was the language used in the will, held not conclusive of question of extent of testatrix's interest in the property.

3. Wills—Where Intention of Testator, Owning Property Jointly, is Not Clear, Courts Incline to Interpretation that he Intended to Devise Only His Own Interest, Rendering Election on Part of Other Owner, Receiving Benefit, Unnecessary.—Where testator owns property jointly with another, and his intention is not clear, courts incline to interpretation that he intended to devise only his own interest; and there is no necessity for an election on part of other owner receiving benefit under same will, unless words of description are used indicating specific gift of property.

4. Wills.—That testatrix, owning three-fifths of property, used language "my more than two-thirds interest" in devise to her sister and others, held not to clearly show intention to dispose of greater estate than she owned, requiring election on part of sister.

OSSO W. STANLEY for appellant.

E. N. FULTON and W. H. FULTON for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

At the time of her death in the year 1908, Sue B Elliott owned three-fifths, and her sister, Edmonia B. Roberts, two-fifths, of the home place known as Beechland. Mrs. Elliott's interest in the property was disposed of by the following provisions of her will:

"According to promise, I give, conditionally to my sister, Mrs. Edmonia B. Roberts, my more than two-thirds interest in the home place, known as Beechland, and wish it to be a home for my sister, Mrs. Kate B. Malone, and my brother, Dr. J. Harvey

Browne, as well as herself and that they have equal privileges with her. ·. . . ·

"As my brother and sisters pass away I wish my more than two-thirds interest in the home place to descend from one to the other, and when my brother and sisters die, I wish my interest sold, and the money safely invested by the court, and the interest thereon used to keep in order the family lot in Bardstown cemetery, and anything over to be used on the Cosby lot, or for repairs on the Presbyterian church, or for the pastor's salary."

Shortly after the death of her sister Mrs. Roberts qualified as her executrix, and brought a suit in the Nelson circuit court for a construction of the will, and made the various devisees and legatees parties. No specific construction of the foregoing clauses of the will was asked, but the court construed them as follows:

"It is adjudged by the court that the testatrix devised her more than two-thirds interest in the home place mentioned in said devise to her said two sisters, Edmonia B. Roberts and Mrs. Kate B. Malone, and her said brother, Dr. J. H. Browne, for life, that is, as each of them died, the survivor then held a life estate in said home place, and at the death of the last survivor, that the said more than two-thirds interest in said home place should be sold, and the fund kept at interest, and the interest derived therefrom to be used, first, to keep in order the family lot of said testatrix, Sue B. Elliott, in Bardstown cemetery and also the Cosby lot in said Bardstown cemetery; and then the balance of interest derived from said fund to be paid to the Presbyterian church of Bardstown, Kentucky, to be used for repairs on said church and pastor's salary. And the court reserves the power in future to sell said property to carry out said trust."

Mrs. Roberts, who had survived her brother and sister, died in the year 1925, leaving a will by which she devised substantially all of her property to her niece, Edmonia B. Alexander.

Codicil No. 1 of the will is as follows:

"I, Edmonia Roberts, being of sound mind and disposing memory, do bequeath and direct that my one-third interest (minus one hundred dollars) in

the home place as part of the farm and residence known as Beechland, owned by my father, James Marshall Browne, go to my niece, Edmonia B. Alexander, of Bardstown, Ky., in consideration of my love for her and of her devotion to me since my crippled condition. This interest I have in the said home place, I give to the said Edmonia Alexander I give absolutely, forever, in fee simple.''

Mrs. Alexander qualified as administratrix *de bonis non* with the will annexed of Mrs. Elliott, and as executrix of Mrs. Roberts.    After notice she filed a motion to have the original suit reinstated on the docket, and asked for an order of revivor.   The motion was sustained, and she was permitted to file a supplemental and amended petition, and also her intervening petition.   In these pleadings she referred to the prior judgment and averred that the statements in the will and judgment that Mrs. Elliott was the owner of ''more than two-thirds interest in the property'' was erroneous and a mistake; that Mrs. Elliott owned only an undivided three-fifths interest in the property; and that Mrs. Roberts owned the other two-fifths, and that she as the legatee of Mrs. Roberts was the owner of said two-fifths.   In support of this she pleaded their sources of title, and filed attested copies of the title papers.   The Presbyterian church of Bardstown filed an answer and petition to be made a party defendant, containing the following allegation:

''That Mrs. Edmonia B. Roberts, as adjudged by this honorable court in this action, was the owner of a life estate in a two-thirds interest in the real estate herein asked to be sold and that at her death said two-thirds interest became subject to be sold as directed in the will of Mrs. Sue B. Elliott, and so adjudged by this court in this action.''

It then denied that Mrs. Roberts owned only an undivided two-fifths of the property and affirmatively alleged that Mrs. Alexander was the owner of a one-third interest only.   The affirmative allegations were traversed by a reply.   Upon these pleadings and the exhibits the court adjudged that Mrs. Alexander, as devisee of Mrs. Roberts, was entitled to only one-third of the proceeds of the sale of the property after the payment of costs, and that the remaining two-thirds of the net proceeds should be paid to a trustee for the purposes named in the will. From that judgment this appeal is prosecuted.

In support of the decision of the chancellor it is insisted that the judgment of 1912 is conclusive of the question. It must not be overlooked that in order for a judgment to be conclusive in a case like this it should be made to appear, not by mere argument or inference, but with reasonable certainty that the very matter in dispute was the subject of judicial determination. Scottish-American Mortgage Co. v. Bunckley, 88 Miss. 641, 41 South. 502, 117 Am. State, Rep. 763. An examination of the original pleading will show that no issue was made between the parties as to the extent of Mrs. Elliott's interest in the property. Indeed, there seems to have been no contest over the particular clauses involved, but the court construed them under the general prayer for a construction of the will. The judgment merely uses the language of the will in order to identify the property, and proceeds to determine what estate the devisees took. If the court had intended to determine the extent of the interest devised it would have placed the matter beyond controversy, and not have employed such vague and indefinite terms as ''her more than two-thirds interest in the home place.'' In view of this situation it can not be said with reasonable certainty that the court intended to determine, or did determine, the extent of the interest devised. We are therefore constrained to hold that the judgment is not conclusive of the question.

There is the further contention that the decision is correct under the doctrine of election. The argument is that the will purported to devise a more than two-thirds interest in the property, and therefore a portion of the interest owned by Mrs. Elliott; that Mrs. Elliott could not accept the devise without accepting the burden, and, having elected to take under the will, Mrs. Alexander, her devisee, is now estopped from claiming any interest that will defeat or in any way prevent the full operation of the will. It is the rule that where the testator owns property jointly with another, and his intention is not clear, the courts incline to the interpretation that he intended to devise only his own interest, and there is no necessity for an election upon the part of the other owner who receives a benefit under the same will. But if words of description are used indicating a specific gift of the property an election becomes necessary. Brossenne, etc. v. Schmitt, 91 Ky. 465, 16 S. W. 135. If the will had specifically defined the interest devised, a different question would be presented, but such is not the case. The words of the

will are, "my more than two-thirds interest in the home place." They do not fix, but merely estimate, the interest devised. It is at once apparent, therefore, that the language of the will is too vague and indefinite to justify the inference that the testatrix intended to dispose of a greater estate than she actually owned, and therefore insufficient to require an election on the part of the devisee. That being true, the extent of the interest devised is an open question, to be determined according to the facts, and not according to the uncertain language of the will. It follows that Mrs. Roberts did not lose any of her interest in the property by the acceptance of her sister's will, and that her entire interest passed under her will to Mrs. Alexander, who is entitled to two-fifths of the proceeds of the property.

Judgment reversed and cause remanded, with directions to enter judgment in conformity with this opinion.