## Commonwealth, for Use of Patrick et al., v. Williams et al.

(Decided Oct. 13, 1933.)

ALLEN & BYRD and J. B. HOWARD for appellants.

E. B. ARNETT and H. H. RAMEY for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

In August, 1923, Peter Williams was, by order of the Magoffin county court, appointed guardian for Wedsel Montgomery and Daisy Montgomery, and he thereupon executed bond as such in the penal sum of $1,500 with J. Fred Reed and Sam J. Patrick as sureties. On November 19, 1923, he signed another bond as such guardian in the penal sum of $3,500, which was signed by M. F. Patrick and Green Risner as sureties. Following the signatures on the bond is an indorsement reading: "Approved: E. C. Bailey, Judge." This bond was recorded in the regular guardian's bond book in the office of the county court clerk, but it was not attested by the clerk, and it is admitted that there is no order of the court with reference to it.

In September, 1931, this action in the name of the commonwealth of Kentucky, for the use and benefit of Daisy Patrick, nee Daisy Montgomery, by her husband and next friend, Randolph Patrick, against Peter Williams as such guardian and J. Fred Reed, Green Risner, and S. J. Patrick was instituted in the Magoffin circuit court. After setting out the facts with reference to the appointment and qualifications of the guardian and the execution of the $1,500 bond, dated August 27, 1923, it

is made to appear in the petition that on April 28, 1931, plaintiff secured a judgment against the guardian for $750 and that execution which issued thereon was returned by the sheriff with the indorsement: "No property found." The petition also set up a breach of covenants of the bond and asked for judgment against Peter Williams, J. Fred Reed, S. J. Patrick, and Green Risner for $750 with interest. The petition alleged that Green Risner is a nonresident of the state of Kentucky and asked for the appointment of an attorney to notify him of the pendency and nature of the action. This was done, but we find no report of such attorney in the record, nor is it made to appear that Risner was served with summons or entered his appearance to the action.

By joint and separate answer, J. Fred Reed and S. J. Patrick admitted the execution of the bond referred to in the petition, but in avoidance of any liability thereon alleged that at the time the bond was signed by them it was agreed and understood that it was being executed as a mere formality to enable the guardian to prosecute a claim against the government of the United States for a pension for the wards and that the guardian would execute a second bond releasing the sureties on the first bond from any and all liability; that pursuant to such agreement the guardian did voluntarily appear before the Magoffin county court and request that he be permitted to execute a second bond and that the sureties on the first bond be thereafter released from any and all liability; that pursuant to the request of the guardian and for the purpose indicated, the bond in the sum of $3,500, dated November 19, 1923, was executed; that no money came into the hands of the guardian until the execution of the second bond, nor was there any default or misappropriation or failure to account for funds of the wards upon part of the guardian before the second bond was executed.

After a demurrer to the answer had been overruled, plaintiff, by reply, traversed the allegations thereof and alleged that the bond dated November 19, 1923, was void and of no effect because it was not attested by the clerk and no order was entered approving it as required by law and no order was entered of record discharging the sureties from liability on the first bond.

The issues were completed by a rejoinder travers-

ing the affirmative allegations of the reply and alleging that the failure to enter an order approving the bond was due to mistake or oversight upon the part of the clerk of the court.

On final hearing it was adjudged that J. Fred Reed and S. J. Patrick were released as sureties on the first bond in the manner claimed by them in their answer and that the petition as to them be dismissed, but that plaintiff recover of Peter Williams and Green Risner the amount claimed in the petition, and plaintiffs are appealing.

The evidence of defendants J. Fred Reed and S. J. Patrick and other witnesses introduced by them tends to sustain the allegations of their pleading with reference to the agreement, understanding, and the circumstances attending the execution of the two bonds. It is stipulated that no order was entered on the county court order book approving the bond in the sum of $3,500 and that George R. Brown, regular attorney for the Veterans' Bureau, would testify, if sworn as a witness, that neither that bond nor the order approving it was ever certified to the Veterans' Bureau; that Peter Williams was recognized as guardian by the Veterans' Bureau by virtue of his appointment in the Magoffin county court under date of August 27, 1923, and not because he executed bond on November 19, 1923, with M. F. Patrick and Green Risner as sureties.

There was evidence offered on behalf of appellees to the effect that a minute was made in the minute book of the county court approving the second bond, and some of the witnesses testified that they made a search for this book and were unable to find it; but the county clerk was not called to testify with reference to the records.

A county court is a court of record and must speak through its records. In a collateral proceeding, extraneous evidence is not competent or admissible to show the meaning of its orders. Millikin v. Gillum & Son, 135 Ky. 280, 122 S. W. 151; Fletcher v. Leight, 4 Bush (67 Ky.) 303; Desha's Adm'rs v. Harrison County, 141 Ky. 692, 133 S. W. 545; Montgomery County v. Taylor, 142 Ky. 547, 134 S. W. 894; Barnett v. Gilbert, 164 Ky. 564, 175 S. W. 1029; Fox v. Lantrip, 169 Ky. 759, 185 S. W. 136; Veatch v. Taturn, 10 Ky. Op. 485.

A number of the cases cited relate to orders of the

fiscal courts which also are courts of record, and the same rule applies to all such courts.

Section 3991, Kentucky Statutes, provides how any judgment or final order of any court of record which has been lost, mutilated, defaced, or destroyed may be re-entered of record, but counsel for appellees insist that they may, in this collateral proceeding, establish the lost order approving the bond and releasing the sureties without following the proceeding prescribed by that section of the statute, and in support of their contention cite Mullens v. McCoy, 170 Ky. 547, 186 S. W. 137, and Upchurch v. Helton, 205 Ky. 192, 265 S. W. 770. One of these cases deals with a lost bond and the other with a lost deed, and the distinction between them and the case at bar is so obvious that argument is not required to show that they have no application here.

If the meaning, intention, or purport of an order of a court of record cannot be explained by extraneous evidence in a collateral proceeding, much greater the reason why in a collateral proceeding, both the order which has never been entered of record and its purport and meaning may not be established by parol evidence.

One of the sureties on the $3,500 bond was not made a party to the action. For some reason the other surety, Green Risner, was made a party, but the record discloses that he is and was a nonresident of the state and was not before the court; therefore, under the provisions of section 419 of the Civil Code of Practice, the court was not authorized to enter a personal judgment against him. That question is not before us, and without determining the validity of the judgment as to him or the effect of the second bond as to him or his co-surety, it may be said that in the proven circumstances, the execution of that bond did not operate to nullify the first bond nor to release the sureties thereon.

Wherefore, the judgment is reversed, with directions to enter judgment against the guardian and against J. Fred Reed and S. J. Patrick, sureties on his bond, as prayed in the petition.