## Sergent's Guardian v. Brashear.

(Decided Jan. 15, 1935.)

J. E. JOHNSON, Jr., for appellant.

H. P. BRASHEAR and WILLIS W. REEVES for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

John W. Sumner was appointed and qualified by proper order of the Perry county court as the guardian of Lillian Sergent, Sisco Sergent, Jennie Sergent, Robert Sergent, Goldie Sergent, Martha Sergent, and John Sergent. He executed bond with H. P. Brashear as surety in the penal sum of $1,000, conditioned as required by law for the faithful discharge of the trust in all respects as required by law. He received cash belonging to the infants of $4,113.73. Later notice was given him to appear in the county court and give additional surety. Thereupon he appeared in court and executed another bond in the penal sum of $1,200, conditioned as required by law, with R. C. Baker, John F. Jent, and R. M. McIntire as sureties. The two bonds were approved by proper orders of the county court. Thereafter, by a proper order of the county court, he was ruled to appear in court and make a settlement of his accounts as guardian and give additional surety on his bond. He failed to respond; an order of the court was entered removing him as guardian and appointing his successor in office, who qualified in the manner provided by law.

This action was instituted by the guardian of the infants against him and his sureties on both bonds to recover the amount in his hands due the infants. John W. Sumner and H. P. Brashear filed separate answers. That of Sumner traversed the petition and contained an affirmative defense, setting out the expenditure of the funds in his hands as guardian. Brashear's answer

traversed the petition, and affirmatively alleged that the execution of "a new bond as guardian for the infants, with R. C. Baker, John F. Jent and R. M. McIntire as sureties," was in lieu of the bond signed by him, and "by reason thereof" he was released from any liability, "on said first bond and that said new bond operated to discharge him from all liability from the acts of John W. Sumner under the first bond." Their answers were controverted.

On the evidence of the parties, the action was submitted for judgment. It was decreed that Sumner was indebted to his wards $1,595.06, and Brashear, Baker, Jent, and McIntire were liable severally and jointly therefor to the extent of their bonds; Sumner in the sum of $1,000, and Baker, Jent, and McIntire, the additional sum of $1,200. A recovery was directed against them accordingly.

In February, 1932, Sumner and Brashear filed a petition for a new trial and entered a motion to vacate the judgment theretofore rendered against them. Numerous grounds therefor are set forth in their petition. It was controverted by answer. In support of the allegations of the petition for a new trial and the motion to vacate the judgment, only Sumner testified. His testimony was directed solely to an alleged settlement between him and the mother of the infants, who was also their guardian. She and others testified that the settlement as claimed by Sumner had not been made.

The trial court denied Sumner a new trial; entered a judgment against Baker, Jent, and McIntire for $1,200, with interest; against Sumner for $395.06 and interest; and decreed that Brashear was not "liable in any amount and that any contingent liability which he might have been under had been released and discharged and ordered that the plaintiff's petition insofar as it seeks any recovery be * * * dismissed." This appeal is prosecuted from so much of the judgment as it pertains to Brashear.

The judgment of the court is contradictory and inexplicable. It denied Sumner a new trial on the allegations made and the facts presented thereon, but relieved Brashear of the original judgment. The court delivered no written opinion. Brashear has filed no brief. From the record we are unable to comprehend any ground or to conceive of any reason authorizing or justifying the action of the court nullifying the orig-

inal judgment as to him. It was not sought nor asked for except upon the grounds set forth in the petition for new trial and as supported by the testimony of Sumner, which was confined to an alleged settlement between him and the mother and guardian of the infants, which the court, from the evidence, found had not been made.

The decree granting Brashear a' new trial and dismissing the original petition is not supported by the pleadings nor sustained by the evidence. In fact, his original answer does not state facts sufficient to constitute a defense to his laibility on the first bond of the guardian, and, if his petition for a new trial be regarded as stating facts sufficient to constitute a defense, no evidence was offered substantiating its allegations in this respect. For a statement of the law governing the liability of Brashear and authorizing the original judgment against him, see sections 4659-4664, Kentucky Statutes; Johnson v. Jones, 68 S. W. 14, 24 Ky. Law Rep. 16; Abshire v. Rowe, 112 Ky. 545, 66 S. W. 394, 23 Ky. Law Rep. 1854, 56 L. R. A. 936, 99 Am. St. Rep. 302; Barker v. Boyd, 71 S. W. 528, 24 Ky. Law Rep. 1389; Boyd v. Withers, 103 Ky. 698, 46 S. W. 13, 20 Ky. Law Rep. 511; Jones v. Gallatin County, 78 Ky. 491; Commonwealth, for Use of Patrick v. Williams, 252 Ky. 133, 65 S. W. (2d) 1012.

The judgment granting a new trial and setting aside the original judgment not being in harmony with our views it is reversed for proceedings consistent herewith.