UNION BANK & TRUST CO. OF LEXINGTON v. BASSETT et al.

Court of Appeals of Kentucky.
Dec. 19, 1952.

634

Wm. L. Wallace and Robt. F. Houlihan, Lexington, Davis W. Edwards and Wallis Downing, Louisville, for appellant.

Robert M. Odear, Stoll, Keenon & Park and Henry Duncan, Jr., Lexington, for appellee.

STANLEY, Commissioner.

The ultimate question is which of two groups of devisees of the late Mrs. Eliza S. Bowman is responsible for the payment of the estate and inheritance taxes on the residuary estate of her husband, W. R. Bowman. The construction of the provisions of Mr. Bowman's will bequeathing the residuary to his widow is required to reach the decision. This basic question is whether he gave her the fee in remainder or a power of appointment. Then follows the construction of Mrs. Bowman's will. Another question of primary importance is that of a plea of res adjudicata. Dependent or subordinate propositions appear during the course of the opinion.

Bowman's will, probated in January, 1938, was prepared by a banker. His use of legal terminology has caused confusion. Insofar as relevant here, the testator bequeathed the residue of his estate, about $120,000, to the Union Bank & Trust Company of Lexington in trust, the net income to be paid to his widow. Broad powers were conferred upon the trustee but it could make no conveyance of the real estate unless Mrs. Bowman joined in it. The troublesome provision reads:

"Said Trustee is directed at any time to dispose of any of the securities or investments or cash that would be allocated as the corpus of my estate at any time for the proper comfort and well-being of my wife, Eliza S. Bowman, however, the appointment of the Trust herein created shall not be construed in any way to divest my wife, Eliza S. Bowman, of title to said Trust estate as a remainderman, with remainder in fee to my wife, Eliza S. Bowman. She is to have the right to dispose of any part or all of the said estate by will, then any part of said estate remaining undisposed of by the will of said Eliza S. Bowman, I hereby direct that the Trustee, herein named, to convert same into cash and distribute to my nieces and nephews and to the nieces and nephews of the said Eliza S. Bowman, share and share alike."

The bank is also the executor of the will.

Mrs. Bowman's will, probated in March, 1948, was prepared by another officer of the bank. The first clause reads:

"I direct that all of my just debts, funeral expenses, Federal Estate taxes and State Inheritance taxes and the costs of administration be paid as soon after my death as can conveniently be done."

By the second paragraph the testatrix directs her executor (also the Union Bank & Trust Company) to sell her farm of 240 acres and all equipment, livestock, etc., on it, "and after the payment of all direct liabilities of my estate mentioned in clause one of this will" she disposes of the remainder of the proceeds of the farm. She gives four named persons certain sums and provides: "After the payment of the hereinbefore direct obligations of my estate named in the first clause of my will" and the four specific bequests, and then divides the residue equally between two of her grandnephews, Edward Bassett III, and Julius Clark. (Provisions for substitutionary beneficiaries in case of the predecease of either are irrelevant.) By the third

clause testatrix disposes of the proceeds of "all of the rest and residue of my estate." One-half is devised "equally, share and share alike, to the then living nieces and nephews of my deceased husband, W. R. Bowman." The other half is devised "equally, share and share alike, to my nieces and nephews living at the time of my death."

It appears Mrs. Bowman individually had some estate in addition to her farm and equipment. It is to be noted that she makes no reference whatever to the estate or the will of her deceased husband. Both estates approximate $245,000.

The point at issue is this: If Bowman devised to his widow his residuary estate in fee subject to the trust during her lifetime, then it became part of her estate, and all federal estate taxes and state inheritance taxes thereon are payable as directed in the second clause of her will out of the proceeds of her farm and are borne by Edward Bassett and Julius Clark. If Bowman gave his widow only the power of appointment and its exercise is embraced in the third clause of her will, then the class of devisees named therein (his nieces and nephews and her nieces and nephews) are to be regarded as appointees and their legacies are chargeable with the estate and inheritance taxes. The amount involved is around $30,000.

The circuit court adjudged as a declaration of rights: (1) The widow received from her husband the net income from the trust established by him during her life together with a power of appointment or of disposition by her will of the remainder interest, and she had exercised the power by directing it to be equally divided among his and her nieces and nephews. (2) It was the intention of the testatrix to provide for the payment of the estate and inheritance taxes chargeable against her individual estate and the costs of administering it, but it was not her intention to provide for the payment out of her individual estate of such taxes levied on her husband's estate or costs of administering it, and same are payable out of the funds devised the two groups of beneficiaries named in the third clause of her will. (3) It was further

held that a previous judgment pleaded is not res adjudicata of the questions involved in the present suit. The Bank & Trust Company as trustee and executor of both wills, and the residuary beneficiaries prosecute an appeal.

The pleadings became rather complicated. The case was referred to the Master Commissioner "to hear proof and to report on all matters of law and fact." No proof was heard but the Commissioner filed an opinion construing the two wills and finding that the estate and inheritance taxes on the W. R. Bowman estate were chargeable against his and Mrs. Bowman's nieces and nephews as appointees of a power. He further reported the controversial questions relative to a proper accounting of the Union Bank and Trust Co., as executor of both wills and trustee under Mr. Bowman's will, could not be decided until proof had been taken, and those questions were reserved. The court construed the wills in the same way, confirmed the report, and entered judgment accordingly.

The appellants contend the Commissioner's report should not have been confirmed without proof having been heard and that this court should decline to make a final declaration of rights upon the pleadings alone, as did the chancellor, and should remand the case that evidence may be presented (1) as to the conditions surrounding the testator and testatrix pertaining to the execution of the two wills, that they may be properly interpreted in the light thereof; (2) the correctness of the settlements which have been tendered; and (3) from what sources and by whom the taxes, costs, etc. should be paid. The appellants also insist that if the court should be in doubt as to the meaning and effect of the agreed judgments pleaded in bar, we should remand the case for proof to clarify the orders.

We pass the question of waiver of the right to an order of remand by the circuit court and now by this court because of the appellants' participation in the proceedings before the Commissioner without having offered to take the proof.

■ We think no evidence was competent or necessary concerning the situation of the testator and testatrix. It seems sufficiently shown in the pleadings. They were first cousins. The ambiguities in the wills are patent and not latent. Parrott v. Crosby, 179 Ky. 658, 201 S.W. 13; Daniel v. Tyler's Ex'r, 296 Ky. 808, 178 S.W.2d 411. The sources for payment of the taxes and liability therefor are determinable by the construction of the wills. The correctness of the settlements filed by the trustee and executor was reserved by the Commissioner for further inquiry after the final determination of the legal issues. Therefore, we see no reason for remanding the case.

A declaratory judgment suit was filed by the Bank and Trust Company as Mrs. Bowman's executor in July, 1948, three months after her death, against all her devisees. It is No. 33290 on the docket. Three inquiries were made, namely (1) whether her half nieces and nephews should receive the same sums as those of the full blood; (2) the sources from which the estate and inheritance taxes and the costs of administering her will should be paid; and (3) the proper disposition of a number of mint julep cups. The prayer was for a declaration of the interests of the defendants in the estate of Mrs. Bowman. Agreed judgments determining the controversial questions were entered. It was adjudged that all the taxes involved were payable out of "the entire estate of Eliza S. Bowman."

The case was confined to the interpretation of Mrs. Bowman's will and the rights of the devisees of her personal estate. To no extent was the construction of Mr. Bowman's will in issue, particularly in regard to the present crucial question of whether it gave his widow complete title or only a power of appointment. The present suit, No. 35082, primarily relates to the construction of W. R. Bowman's will in that regard. Dependent upon that disposition of his residuary estate is the interpretation of Mrs. Bowman's will. If the residuary became in law a part of Mrs. Bowman's estate, it may well be said that the question of taxes was adjudicated in No. 33290. But if she had only a power of appointment, it was not adjudicated and the rights and liabilities for the taxes were not involved or declared in the prior suit.

Very pertinent is Elliott's Administratrix v. Presbyterian Church of Bardstown, 215 Ky. 149, 284 S.W. 1029. Mrs. Elliott had devised her interest in her home place as being "my more than two-thirds interest" to her sister, Mrs. Roberts, under certain conditions, with the final remainder to her church. Her sister as executrix had prosecuted a suit for a construction of the will, and the judgment regarded Mrs. Elliott's interest as that described in her will. Years afterward Mrs. Roberts devised her interest in the same property to her niece. The will referred to that interest as being a third. In a suit to settle Mrs. Roberts' estate, it was shown that Mrs. Elliott's interest was in fact only three-fifths and not "more than two-thirds," as had been described in the will and judgment. An issue was raised whether or not the judgment in the suit construing Mrs. Elliott's will was res adjudicata. The court held that the judgment was not conclusive because it did not appear with reasonable certainty that the matter was then in dispute and that the court had intended to determine the extent of the interest devised by Mrs. Elliott.

■ The present is a stronger case against res adjudicata because, as we have stated, the will of W. R. Bowman or the quality of the estate devised to his widow in trust was not in any way involved, and, of course, was not adjudicated. Only the "direct liabilities" of her estate to be paid out of the proceeds of her farm and other individual property were involved. There was no identity of action of the subject matter or issues common to both suits, so the rule of res adjudicata does not apply. Nor was there identity of parties so as to bring the case within the rule that the issue should have been litigated. The Bank as Mr. Bowman's trustee or executor was not in either capacity a party to the first suit. Swift Coal & Timber Co. v. Cornett, 249 Ky. 760, 61 S.W.2d 625;

Vaughn's Adm'r v. Louisville & N. R. Co., 297 Ky. 309, 179 S.W.2d 441, 152 A.L.R. 1060; Carey v. Roosevelt, 2 Cir., 102 F.2d 569; Garrett v. First National Bank & Trust Co., 5 Cir., 153 F.2d 289; Notes, 170 A.L.R. 1202.

■ To escape the effect of the foregoing conclusion, the appellants contend they should have been permitted to prove that the agreed judgments entered in the first suit embraced Mr. Bowman's residuary estate disposed of by her. It does not appear that the extent of Mrs. Bowman's estate was adjudged or attempted to be. The language of the judgment is confined to federal estate taxes "upon the entire estate of Eliza S. Bowman" and also the state inheritance taxes upon the special bequests made by her by name. It is contended in brief that it was intended to include such taxes on the residuary estate devised to her by her husband whatever its character. The judgment is clear and explicit. There is no claim of fraud or mutual mistake. A court may set aside or vacate an agreed judgment upon such grounds, but it may not alter or correct it or explain its meaning where jurisdiction to do so has passed away. Karnes v. Black, 185 Ky. 410, 215 S.W. 191; Keach v. Keach, 217 Ky. 723, 290 S.W. 708; Commonwealth for Use of Patrick v. Williams, 252 Ky. 133, 65 S.W.2d 1012.

We come to the baffling question, so often presented in the interpretation of wills, as to how far the court may read words out of their literal meaning in order to realize their overriding purpose. Literal meaning cannot be ascribed to one or the other provisions relating to the disposition by Mr. Bowman of the remainder estate in the corpus of the trust which he established. Disposition during his widow's life is clear enough. Then he says, "The appointment of the trust herein created shall not be construed in any way to divest my wife, Eliza S. Bowman, of title to said trust estate as a remainderman, the remainder in fee to my wife, Eliza S. Bowman." If this were all, there would be little trouble in construing the will, although the testator did not devise her the fee in terms too explicit. He merely says that the trust for life is "not to be construed to divest" her of the fee in the remainder. If he had given his wife the fee, she could have, of course, conveyed that estate during her lifetime. But testator did not stop with the statement as to her bequest being "a remainder in fee." He gave her "the right to dispose of any part or all of the said estate by will at her discretion." This limits any idea of a complete fee simple title. And this is emphasized by proceeding to dispose of the remainder in case she should not dispose of it by will. It may be presumed, as indeed the bank has argued, that the testator, being a director in the bank which he named trustee and executor and a businessman of affairs, knew what a fee simple title is. As the chancellor stated, "So if Mr. Bowman meant to give his wife his estate in fee simple, the words about remainder and remainderman just do not fit into his will and would not make sense in the manner in which they were used." And further, "He made it clear that the fact that the property was left to the bank in trust for her during her life was not to prevent her disposing of it by will. The wording of the will is a little unusual at this point, but its meaning is clear when it is considered with the other parts of the will and in its proper position and connection."

■■ The court may not throw out the very clear specific construction of the preceding clause which the testator himself expressed, namely, that he was giving her a general power of appointment. Construing together the two apparently inconsistent provisions, we think his intention is clear, namely, that his widow should have the power to dispose of the property by will just as though she owned it in fee. This is in accord with the present rule in this jurisdiction that even though a subsequent clause conflicts with a previous devise of a fee simple estate, the latter clause will be regarded as only limiting the first since the will was not completed until signed and effect must be given every provision by regarding the instrument as a whole and harmonizing, if possible, ap-

parently conflicting parts. Prewitt v. Prewitt's Executors, 303 Ky. 772, 199 S.W.2d 435.

█ This rule is not in conflict with the rule, equally as well established, that an ambiguous disposition should be held to devise a fee unless a lesser estate was clearly described, as is suggested by some of the appellants. See Clay v. McNabb, 286 Ky. 751, 151 S.W.2d 1027. The appellants cite Jett v. Cheek, 201 Ky. 584, 257 S.W. 1026, as supporting their contention. In that case testator gave property to his married daughter and her heirs "with the privilege of willing it to any of my heirs she may see proper". We held she took a fee, but the decision is predicated upon the fact that testator had not made any disposition whatever of the remainder estate, and the interpretation was within the statute making every devise a fee simple unless a different purpose appears. KRS 381.060. Also, at the time the will was executed a married woman was not authorized to make a will. The presumption of entire testacy prevailed. We think the case clearly distinguishable.

Other cases cited by the appellants are in the same category but are less persuasive, for there was qualifying language in each of the wills or the mind of the court was left in doubt. See Hinkle v. Hinkle, 168 Ky. 286, 181 S.W. 1116; Davis v. Bennett's Executor, 272 Ky. 674, 114 S.W.2d 1150; Hopson's Trustee v. Hopson, 282 Ky. 181, 138 S.W.2d 365.

We, therefore, concur in the construction by the circuit court of the will of W. R. Bowman, that he gave his widow the power of appointment only and the corpus of the trust estate never became a part of her estate.

█ The parties are in accord that even though Mrs. Bowman did not mention her husband's will or the property or the power devised to her, she effectually exercised the power of appointment. KRS 394.060 provides that where a testator has a discretionary power of appointment, the same as if the estate was his own property, a devise or bequest "shall operate as an execution of such power, unless a contrary intention appears in the will." McCormick v. Security Trust Co., 184 Ky. 25, 211 S.W. 196; Greenway v. White, 196 Ky. 745, 246 S.W. 137, 32 A.L.R. 1385; United States Trust Co. v. Winchester, 277 Ky. 434, 126 S.W.2d 814. Mrs. Bowman, therefore, exercised the power in the third clause of her will distributing the proceeds of "all the rest and residue" of her estate in equal parts to her and to his living nieces and nephews.

█ Property subject to a power of appointment is regarded as that of the donor and in exercising the power, the donee disposes of the donor's property. He is but "the conduit pipe of another's munificence". De Charette v. De Charette, 264 Ky. 525, 94 S.W.2d 1018, 1020, 104 A.L.R. 1455; Commonwealth v. Fidelity & Columbia Trust Co., 285 Ky. 1, 146 S.W.2d 3. The corpus or remainder of W. R. Bowman's trust estate is to be considered as his estate and as having passed under his will. St. Matthews Bank v. De Charette, 259 Ky. 802, 83 S.W.2d 471, 99 A.L.R. 1146; Ligget v. Fidelity & Columbia Trust Co., 274 Ky. 387, 118 S.W.2d 720. The federal estate and Kentucky inheritance taxes are to be assessed accordingly unless Mrs. Bowman, by her own will, intended that such taxes should be paid out of her individual estate as a bounty given by her to the residuary legatees.

█ By the first paragraph of her will, quoted in the beginning of this opinion, Mrs. Bowman directed the payment of "my" debts, funeral expenses, costs of administration, "federal estate and state inheritance taxes." And, as stated, in the second paragraph, she disposed of the proceeds of her individually owned farm and equipment. She therein provided "after the payment of all direct liabilities of my estate mentioned in Clause One" and bequests to certain individuals, the residue was devised to Edward Bassett, III and Julius Clark. The appellees cite cases from other jurisdictions to the effect that where a testator disposes of his individual property and also exercises a power of appointment, the estate and inheritance taxes are held payable out of the property appointed.

In re Rogers' Will, 249 App.Div. 283, 291 N.Y.S. 815; Regents of the University System of Georgia v. Trust Co. of Ga., 194 Ga. 255, 21 S.E.2d 691; Fidelity Union Trust Co. v. Suydam, 125 N.J.Eq. 458, 6 A.2d 392; Phraner v. Stone, 137 N.J.Eq. 284, 44 A.2d 504; Hooker v. Drayton, 69 R.I. 290, 33 A.2d 206, 150 A.L.R. 723. In these cases the testators seem to have made a distinction between the two estates or the property disposed of and clearly provided from which particular estate the taxes should be paid. In re Parker's Estate, 98 Cal.App.2d 393, 220 P.2d 580, is cited by the appellants. In that will the direction was clear that all such taxes should be paid out of the individual estate of the testator although he also exercised a power of appointment. In Hooker v. Drayton, supra, 69 R.I. 290, 33 A.2d 210, the Rhode Island Supreme Court well said: "It is natural and logical to assume that a testator would ordinarily be unwilling to burden his own estate with estate taxes allocable to property of another. As this court said, in construing our inheritance tax statute: 'The intent thus to burden a decedent's estate with the payment of an inheritance tax upon the transfer of property which was not his, and did not pass under his will or by the statutes of descent, is so unreasonable and unjust that we will not find the intent upon conjecture, but will require that the purpose be explicitly declared.'" And the court laid down this rule, which we think is a sound one: "In the absence of a clearly expressed intent to the contrary in the decedent donee's will, such tax is ultimately to be borne by the appointed property, and not by his residuary estate. Such a rule is more consistent with logic and the realities than is a rule which, in the absence of a testamentary expression to the contrary, would assume that the residuary estate of the donee was chargeable with such tax burden."

It seems to us that Mrs. Bowman did not express any intention to have the devisees of the proceeds of her farm charged with the large sum in taxes due upon the appointed estate and thereby relieve the legatees who would receive their bounty from her husband through her appointment. This conclusion rests upon the terms of her will influenced by the conception that as a matter of fairness the ultimate burden of these taxes should fall upon and be paid by the persons actually receiving the property. This seems to be the object of the federal statute, 26 U.S.C. § 826(d), and KRS 140.040 and 140.230 making the exercise of a power of appointment the taxable event for the purpose of inheritance taxes and the beneficiary the person chargeable although placing upon the donee's personal representative the duty of seeing that the taxes are paid. It is in accord with the principles of Hampton's Administrators v. Hampton, 188 Ky. 199, 221 S.W. 496, 10 A.L.R. 515; Martin v. Martin's Administrator, 283 Ky. 513, 142 S.W.2d 164; Trimble v. Hatcher's Executors, 295 Ky. 178, 173 S.W.2d 985. The circuit court so held.

Wherefore, the judgment is affirmed.