Emma H. SAROSDY; Dr. Margaret D. Wilson; Mr. L. Van B. Dauler, Jr.; Anne Earl; Frances Alexander Hodge Gordon; Edwin H. Gordon and Rachel Jane Gordon, Appellants,

v.

Eva JOHNSON, Leona Wood, Robert F. Eaton, Administrator of the Estate of Blanch Waldmoe, Forbes Swanson, Mille Day, Edward Schrock, Jack Swanson, Bert Swanson and the First National Bank of Henderson, Appellees.

No. 93–CA–1122–S.

Court of Appeals of Kentucky.

Oct. 28, 1994.

Discretionary Review Denied by Supreme Court April 12, 1995.

Hiram Ely, III, John R. Cummins, Daniel P. Cherry, Louisville, for appellants.

Stephen D. Gray, Henderson, for appellees: Eva Johnson, Leona Wood, Robert F. Eaton, Administrator of the Estate of Blanch Waldmoe, Forbes Swanson, Mille Day, Edward Schrock, Jack Swanson, Bert Swanson.

Charles B. West, Henderson, for appellee: The First Nat. Bank of Henderson.

Before MILLER, McDONALD and WILHOIT, JJ.

WILHOIT, Judge.

The issue on this appeal is the proper allocation of the payment of federal estate tax due upon the death of Ellen Hodge who died in 1991. At her death the net pre-tax value of her estate was $371,166.35. Mrs. Hodge's husband, Thomas Hodge, who died in 1978, had established a marital trust by his will. Mrs. Hodge was the lifetime beneficiary of the trust with full power during her life to require payment to herself out of income or corpus "such amounts thereof as she may request at any time." At her death the remaining corpus and any undistributed income of the marital trust became a part of and was to be distributed as provided by the "Residuary Trust" which had also been established under Mr. Hodge's will. At the time of Mrs. Hodge's death, the net pre-tax value of the marital trust was $2,126,884.62.

The parties agree that because of the power Mrs. Hodge had over the marital trust during her lifetime, the value of the trust estate was properly included in her gross estate for federal estate tax purposes under 26 U.S.C. § 2041. Without the inclusion of the trust assets her estate would have had no federal estate tax liability. Whereas with inclusion of these assets, the estate tax liability was $668,780.99. The question before the trial court was the proper allocation of this tax burden as among the beneficiaries of Mrs. Hodge's estate and the beneficiaries of her husband's residual estate. Relying on *Union Bank & Trust Co. of Lexington v. Bassett*, Ky., 253 S.W.2d 632 (1952), the court held that the federal estate tax burden should be borne entirely by the beneficiaries of Mr. Hodge's residuary estate. 26 U.S.C. § 2207 provides that

Unless the decedent directs otherwise in his will, if any part of the gross estate on which the tax has been paid consists of the value of property included in the gross estate under Section 2041, the executor shall be entitled to recover from the person receiving such property by reason of the exercise, non-exercise, or release of a power of appointment such portion of the total tax paid as the value of such property bears to the taxable estate.

Thus, unless directed otherwise by the decedent's will, the beneficiaries of Mrs. Hodge's estate would pay about 13 percent of the estate taxes while the beneficiaries of Mr. Hodge's estate would pay about 87 percent. The appellants insist that there was no contrary direction in Mrs. Hodge's will and that under § 2207 this is the proper allocation of the tax burden. The appellee beneficiaries of Mrs. Hodge counter that it was Mr. Hodge's testamentary intent that the estate taxes be borne by his beneficiaries and that Mrs. Hodge did not choose in her will to shift that burden. Item VII of Mr. Hodge's will contained the following provision:

I direct that all estate, inheritance, transfer, legacy or succession taxes, or death duties, which may be assessed or imposed with respect to my estate, or any part thereof wheresoever, whether or not passing under my will, including the taxable value of all policies of insurance on my life and of all transfers, powers, rights, or interests includible in my estate for the purpose of such taxes and duties, shall be paid out of the Residuary Trust and such payment shall be made as an expense of administration and without apportionment.

■ The trial court correctly interpreted 26 U.S.C. § 2207 as giving the executor of Mrs. Hodge's estate authority "to apportion to the Thomas Hodge Beneficiaries the death taxes imposed upon the Ellen Hodge estate in the same proportion which the value of the Marital Trust bears to the entire estate." The court also correctly stated that under § 2207 this would not be true "if the decedent directs otherwise in his will." However, rather than looking to see if Mrs. Hodge had directed otherwise in her will, the court shifted its reasoning and declared "the issue to be decided is whether or not Ellen Hodge intended to impose upon her beneficiaries a portion of the estate tax attributable to the inclusion of the Marital Trust in her estate." Finding no such intention, the court concluded that under *Union Bank & Trust Co. of Lexington v. Bassett, supra,* all of the federal taxes should be borne by Mr. Hodge's residuary legatees.

Mrs. Hodge's will stated that all estate and inheritance taxes "occasioned or payable by reason of my death, whether attributable to properties subject to probate administration ... or otherwise" should be charged to "the person sharing in my taxable estate as and to the extent provided by law." Clearly Mrs. Hodge intended that each person sharing in her taxable estate should pay his or her share of the estate tax due on that estate to the extent provided by law. Under the United States Code that would result in the allocation of the estate tax burden as put forth by the appellants.

■ In the *Union Bank* case, the immediate decedent's own property and that over which she held a power of appointment were of approximate equal value and federal estate tax apparently would have been due on the immediate decedent's estate, even without inclusion in her taxable estate of the property over which she held the power of appointment. The court held that the immediate decedent's will did not express any intention that the devisees of her property be charged with paying the taxes due on the appointed estate, so the beneficiaries of the appointed estate should be charged with the burden of the taxes due on that property. The opinion did not specify how this burden was to be allocated but cited 26 U.S.C. § 826(d), the similarly worded predecessor to 26 U.S.C. § 2207, and *Hampton's Adm'rs v. Hampton,* 188 Ky. 199, 221 S.W. 496 (1920); *Martin v. Martin's Adm'r,* 283 Ky. 513, 142 S.W.2d 164 (1940); and *Trimble v. Hatcher's Ex'rs,* 295 Ky. 178, 173 S.W.2d 985 (1943), all of which approved the rule that every portion of an estate should bear its proportionate share of the federal estate tax due. The *Union Bank* case does not appear to support the result reached by the trial court but rather that espoused by the appellants.

The trial court did not consider whether it was Mr. Hodge's intention that the estate tax due on the marital trust be borne by the beneficiaries of his Residuary Trust. As a matter of property law rather than tax law, Mrs. Hodge had a life estate in the assets of the marital trust with power to encroach on the corpus. *See Collings v. Collings' Ex'rs,* Ky., 260 S.W.2d 935 (1953), *overruled on other grounds, Melton v. Wyatt,* Ky., 517 S.W.2d 242 (1974). These assets, therefore, passed to the Residuary Trust under Mr. Hodge's will. Because the assets qualified for a marital deduction, no federal estate tax was assessed against them in his estate. It appears from reading Item VII of his will, Mr. Hodge intended that only the estate taxes assessed against his estate because of property includible in his estate for tax purposes should be charged to the Residuary Trust. It does not appear that this trust was intended by him to bear any estate tax assessable against his wife's estate.

The judgment of the trial court is reversed and this matter is remanded to it for entry of an order directing the apportionment of the

estate tax burden in conformity with 26 U.S.C. § 2207.

All concur.