## Coleman, as Next Friend, et al. v. Griffin, et al.

(Decided May 9, 1924.)

### Appeal from Logan Circuit Court.

1. Wills—Intention of Testator Governs.—Intention of testator governs construction of will.
2. Wills—Widow Held to Take Only Life Estate.—Though testator did not expressly limit wife's estate to one for life, held that she took only life estate, in view of provisions that at her death property should pass to others.
3. Wills—On Death of Life Tenant, Next Taker Held to Take Defeasible Fee.—Under will making wife life tenant and property to go then to M., if living, and, if not, to her bodily heirs, "and if she has none at her death" to bodily heirs of C., on death of widow, M. took defeasible fee where she had no children, and her heirs took nothing on her death without issue.

S. R. CREWDSON for appellants.

COLEMAN TAYLOR for appellees.

Opinion of the Court by Chief Justice Sampson—
Reversing.

Benjamin Coleman of Logan county made his will
in May, 1905, and soon thereafter died survived by his
wife, Elizabeth A. Coleman. He was the owner of a tract
of 21 acres of land on which he resided, and of a consid-
erable amount of personal property. The second clause
of his will reads as follows:

> "I will and devise to my wife, Elizabeth A. Cole-
> man, the tract of land on which I now reside con-
> taining by estimate twenty-one acres. I also be-
> queath and give to my said wife all of my household
> and kitchen furniture, farming tools, cattle, hogs,
> sheep, horses and mules. In short I will and be-
> queath and devise to my said wife the entire estate
> owned by me at my death. I also appoint my said
> wife my executor without bond and hereby request
> the county court to appoint my said wife as executor.
> I also hereby request, bequeath and devise that at
> the death of my wife my estate then go to Maggie
> Coleman if she be living and if not I bequeath and
> request it to be given to her bodily heirs and if she
> has none at her death it is my desire that it go to
> the bodily heirs of James P. Coleman."

The land mentioned in the will is claimed by the ap-
pellant, James P. Coleman, named in the will, as next
friend of his three infant children, and is also claimed
by W. P. Coleman, father of Maggie Coleman mentioned
in the will. Another claim is asserted by J. W. Griffin
and others, brothers and heirs of the widow Elizabeth
Coleman; and the question for decision is, who takes the
land under the will?

The widow lived for several years and died before
Maggie Coleman. Maggie Coleman passed away unmar-
ried and without issue shortly after the departure of
the widow. James Coleman commenced this action as
next friend of his three infant children, Floyd, Mendel
and Aubrey Coleman, to quiet their title to the property,
asserting that the three infants are the sole owners of
the 21 acres of land. While Maggie Coleman left no heirs
of her body, her father W. P. Coleman survived her and
he is the father of James P. Coleman, who is the father
of the three infant plaintiffs. The heirs of Elizabeth A.
Coleman assert that they are the sole owners of the land

in controversy because by the terms of the will the testator gave the 21 acres to his wife without limiting it to a life estate. In other words they insist that the will gave her a fee simple estate in the land and other property.

It is a well established rule prevailing generally that the intention of the testator shall govern the construction of the testamentary paper. Reading the will from its four corners we are fully convinced that the testator did not intend to give a fee simple estate to his wife although he did not expressly limit her estate to one for life. He did, however, name her as his executrix and provided that at her death his property should pass to Maggie Coleman, if living, and if not to her bodily heirs, if any; and if Maggie Coleman left no bodily heirs then to the bodily heirs of James P. Coleman, thus plainly indicating that his wife was to take a life estate merely. It therefore follows that the heirs of Mrs. Elizabeth A. Coleman did not take the land under the will.

We will next inquire what the testator meant by the clause in his will reading:

"I also hereby request, bequeath and devise that at the death of my wife, my estate then go to Maggie Coleman if she be living; and if not, I bequeath and request it be given to her bodily heirs, *and if she has none at her death,* it is my desire that it go to the bodily heirs of James P. Coleman."

It is upon this clause that the heirs of Maggie Coleman assert claim to the property. They insist that at the death of the widow the estate passed to Maggie if she "be living." It is admitted that she was living at the time of the death of the widow. From these facts it is argued that the heirs of Maggie Coleman take the estate in fee. This construction, however, ignores the latter part of the clause above quoted wherein it is said that in case Maggie Coleman died without bodily heirs "it is my desire that it (the property) go to the bodily heirs of James P. Coleman." It will thus be seen that the testator intended to give his property to Maggie Coleman if "she be living" at the time of the death of his wife, and if she be not living at the time of the death of the widow but left surviving her heirs of her body who were living at the time of the death of the widow, the property should pass to them. It is undisputed that Maggie was living at the death of the widow. The testator provided for just

such a situation by devising the property to Maggie if she were living at the death of the widow, but if she were not living, then to go to her bodily heirs if any; and if none at her death, then to the bodily heirs of James P. Coleman. As Maggie was living at the time of the death of the widow, the estate vested in her, subject to be defeated by her death without issue of her body. She did not take a life estate merely or any estate less than a defeasible fee. Had Maggie become the mother of children who survived the widow, she would have taken the whole, a complete fee simple estate in the land, not a mere life estate with remainder to the heirs of her body, or a defeasible fee but the absolute fee.

As the chancellor construed the will of Benjamin Coleman to give to his wife, Elizabeth A. Coleman, an absolute fee in and to all the lands mentioned in the will described in the petition, the judgment must be reversed for this error, with direction to enter a judgment holding the will invested Maggie Coleman, at the death of the widow, with a defeasible fee to the lands devised by Benjamin Coleman, which was divested by her death without bodily heirs, the fee vesting absolutely in the children of James P. Coleman.

Judgment reversed for proceedings consistent herewith.