## Clay v. McNabb et al.

May 27, 1941.

T. Stanley Clay for appellant.

R. R. Craft for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Reversing.

Fannie G. Hodgkins departed this life in the year 1936, survived by her husband, W. Byrd Hodgkins, now deceased, and her daughter, Elizabeth Hodgkins Clay, both of whom are devisees named in her will, which reads as follows:

"I, Fannie G. Hodgkins, do will that at my death what property I have, after debts are paid shall be kept invested in real estate until Elizabeth is sixty years old. After the upkeep on property is paid, the income is to be divided equally between my beloved husband and daughter. At Byrd's death (if she is the longest liver) it is all to go to Elizabeth. At her death she can leave it to her husband and his two children provided she has none of her own if she so desires. I request that Elizabeth if possible assist some worthy girl in their family to receive an Education. If Byrd is the longest liver he can leave the property to members of the family who have given him most happiness. (Elizabeth can do the same)."

The estate consisted in part of an apartment house situated on East Broadway in the city of Winchester. Conceiving that on the death of her father she was vested with a fee simple title to said property by the terms of her mother's will, Mrs. Clay entered into a contract with appellees by the terms of which she agreed to sell, and they agreed to purchase, said apartment house at a stipulated price, part of which was paid in cash, the balance of which was to have been paid on delivery of the deed for said property. In due time appellant tendered to appellees a general warranty deed to said property and demanded the balance of the purchase money. Appellees refused to pay the balance or

to accept the deed because Mrs. Clay at the time was only 44 years of age, and, according to their interpretation of the will, she was forbidden to sell said property until she became 60 years of age. Thereupon appellant filed suit against appellees in the Clark circuit court seeking specific performance of the contract. From a judgment for appellees this appeal has been prosecuted.

In construing wills it is the duty of the chancellor to determine the intention of the testator by considering the will as a whole, and to give effect to all its provisions where it can consistently be done, Citizens' Trust Co. v. Fidelity Trust Co., 136 Ky. 540, 124 S. W. 824; and to adopt that construction favoring a fee simple title where it is not clear from the will as a whole that a lesser estate was intended to be devised. Section 2342, Kentucky Statutes; Hopson's Trustee v. Hopson, 282 Ky. 181, 138 S. W. (2d) 365; Ely v. United States Coal & Coke Co., 243 Ky. 725, 49 S. W. (2d) 1021.

Although the first and second sentences or clauses of Mrs. Hodgkins' will provide that the estate shall be invested in real estate until the daughter arrives at the age of 60 years and the net income therefrom shall be divided equally between the husband and daughter, the third clause provides that at the death of the husband, "it is all to go to Elizabeth."

Precedents are of little value in the construction of wills, because wills using the same words and executed under the same circumstances are rarely found; and we have been unable to find any decision of this court construing testamentary words similar to those under question in this case.

It is our opinion that it was the intent of the testatrix to create a trust for the joint use and benefit of her husband and daughter if both should live until the daughter arrive at the age of 60 years; but by the use of the words "it is all to go to Elizabeth," in the third clause of the will, the testatrix intended that upon the death of her husband a fee simple title should vest in her daughter, Elizabeth, irrespective of her age.

Even if we were in doubt as to the intent of the testatrix, we would be required under Section 2342, Kentucky Statutes, to resolve the doubt in favor of a fee simple title because said section provides:

"Unless a different purpose appear by express

words or necessary inference, every estate in land created by deed or will, without words of inheritance, shall be deemed a fee simple or such other estate as the grantor or testator had power to dispose of.''

This construction, we believe, gives effect, without conflict, to each of the first 3 clauses of the will which are the only ones relevant to the question involved in this case.

Since the recipient of a fee simple title may dispose of the property by deed, Slayden v. Hardin et al., 257 Ky. 685, 79 S. W. (2d) 11, it follows that Mrs. Clay had the right to enforce specific performance of her contract with appellees.

The judgment is reversed, with directions to enter judgment in conformity with this opinion.