## Froage v. Fisher et al.

Oct. 20, 1942.

656

Boyd & Boyd for appellant.

Wheeler & Shelbourne for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE PERRY—
Affirming.

On April 18, 1932, Anne Boswell Froage died, leaving surviving her her husband, G. B. Froage (the appellant), and the appellees named as devisees under her will, which reads as follows:

"I, Anne Boswell Froage, being sound in body and mind make this my last and only will.

"1st. All just debts be paid.

"2nd. I give and bequeath to my dear husband, George Barton Froage, 'The Mary Anne' apt. 312 N. 7th St. the home place 302 N. 7th St. and brick cottage 621 Monroe St. All property on the North side of and known as 419-423-429-433 Adams St. and my farm of 28 acres on the West side of 32nd St. between the Pines road and Hinkleville road, known as part of the Boswell farm, all fee simple.

"3rd. I give and bequeath to my husband, George Barton Froage, property 405-407 North 12th St. 1217-1219-1221 1225 Madison St. 1114-1118 Harrison St. a double house and lot 402 S. 7th St. also my 2-3 of one ¼ (Fourth) interest in the tract of 40 acres in Allen County, Scottsville, Ky., all personal property, household goods and money in bank are to be his, fee simple.

"4th. I desire that Dr. G. B. Froage shall be appointed executor of this will and he shall be allowed to qualify without bond.

"5th. It is my wish that Dr. Froage will help Gardner Smith with his education and at the death of Dr. Froage Gardner shall have Ten Thousand ($10,000) and the rest of the estate that has come from me shall be divided between Ellen Boswell Sherman and Billie Fisher, oldest son of Elizabeth Boswell Fisher.

"The above will was signed by Anne Boswell Froage in our presence and we in her presence and the presence of each other have signed our names as witnesses hereto.

"Anne Boswell Froage
"Mrs. O. P. Riddle
"Mrs. E. Weaks Smith
                    "April 14, 1932."

On April 27, 1932, the will was duly probated in the

McCracken county court, when plaintiff (here appellant) duly qualified as executor under testatrix' will, without bond, as was therein requested.

Appellant thereupon took over the possession and control of the property, which he has since held and exercised for a period of nine years, when, concluding that it was necessary to sell a part of the property to enable him to pay some outstanding indebtedness left owing by testatrix at the time of her death, he found himself unable to make the sale because of the question then raised by the defendant devisees as to the character and sufficiency of the title taken by him to the property under clauses 2 and 3 of the will.

Accordingly, in March, 1941, he instituted this action in the McCracken circuit court, suing both individually and as executor under the will, seeking a construction of its terms and a declaration of the rights of the parties arising out of same and asking that he be adjudged the owner in fee simple of all the real and personal property thereby devised him.

All the other devisees (with their respective husbands and wives), who claimed remainder interests in the property under clause 5 of the will, were made defendants to the action.

Defendants filed an answer and counter-claim, denying appellant was devised or took a fee simple title to all the property described and devised him by clauses 2 and 3 of the will, in that same, when considered and construed in connection with clause 5 of testatrix' will, clearly manifests her intention to devise him not a fee simple title to her property but only a life estate therein, with the limitation over of the fee interest therein upon plaintiff's death to the defendant devisees named and provided for by clause 5 of the will.

Also the infant defendant, Gardner Smith, named as devisee under clause 5 of the will, by his guardian sought to have paid him not only the specific bequest of $10,000 therein made him but in addition thereto a reasonable amount of some $2,000 out of the income, rents, etc., received from the property by appellant during his lifetime to help defray the cost of his education.

Issue having been joined upon the pleadings as to the character of the interest and title taken under the provisions of the will, no proof was taken by the parties

in support of their conflicting contentions, but the action was submitted by agreement for a construction of the whole will and for a declaration of the rights of the parties arising out of its construction.

The undisputed facts as alleged and disclosed by the pleadings are substantially that the testatrix, Anne Boswell Froage, on April 14, 1932, "in her own handwriting wrote and caused to be witnessed this, her last and only will." Also it is disclosed by the pleadings in this case that all the property described in paragraphs 2 and 3 of the will was owned by testatrix in her own individual right and that she had inherited or acquired by her own separate means all of that property.

No children were born to the marriage of appellant and testatrix. The devisees under clause 5 of the will, Ellen Boswell Sherman and Billie Fisher, were the closest blood relatives of testatrix and Gardner Smith was eight years old at the time of her death and had lived near her and spent so much time in the Froage home as to be regarded by testatrix as occupying almost the relation of a child to her.

A photostatic copy of her will was filed by agreement and has been transmitted with the record to this court.

Thereupon the learned chancellor, construing the will as a whole, adjudged that:

"It was the intention of testatrix to devise, and said will does devise, to the plaintiff, George Barton Froage, a life estate in and to the property described in numbered paragraphs 2 and 3 of said will; and that the plaintiff, George Barton Froage, is entitled to the use, occupancy, possession and enjoyment of said real estate and personal property described in paragraphs 2 and 3 of said will for and during his natural life.

"That upon the death of the plaintiff, George Barton Froage, the defendant, Gardner Smith, is entitled to be paid the sum of $10,000 in cash; and that the specific pecuniary devise to Gardner Smith shall first be paid out of the property described in paragraphs 2 and 3 of said will; and that all the rest, residue and remainder of the property described in paragraphs 2 and 3 of said will, remaining after the payment of said specific pecuniary devise

\* \* \* to the defendant, Gardner Smith, shall pass to the defendants, William Fisher (referred to and sued herein as Billie Fisher) and Ellen Boswell Sherman—that is to say, the said William Fisher and Anne Boswell Sherman shall each take an amount of said property equal in value, quality and quantity considered, to one-half of the whole remaining after the payment of said $10,000 devise to Gardner Smith.

"It is the judgment of the court, however, that the property described in paragraphs 2 and 3 of the will of testatrix is subject first to the payment of any valid debts properly proven against the estate of Anne Boswell Froage.

"It is the judgment of the court that so much of paragraphs 2 and 3 as devised to the plantiff, George Barton Froage, a fee simple or absolute title in the property described in paragraphs 2 and 3 was limited to a life estate by paragraph 5 of said will.

"So much of plaintiff's petition as seeks to be adjudged the absolute owner in fee simple of the property described in paragraphs 2 and 3 of said will, and so much of said petition as claims the right to be adjudged the sole, absolute owner in fee simple of said property, with the right to sell and dispose of same, conveying an absolute and fee simple title, is dismissed, to each and every paragraph of which judgment the plaintiff, George Barton Froage, objects and excepts and prays an appeal to the Court of Appeals, which is granted.

"So much of the counter-claim of the defendant, Gardner Smith, as seeks to have paid to him, or for his use or benefit in acquiring an education, any of the property described in said will is dismissed, to which the said Gardner Smith and Mollie Smith, Guardian of Gardner Smith, object and except and pray an appeal to the Court of Appeals, which is granted."

As to this ruling last made, rejecting defendant Gardner Smith's claim that a reasonable amount should be paid him for his use in acquiring an education, and to which ruling exceptions were filed and an appeal granted by the chancellor, it is sufficient to here say that the

question so raised is not before us for the reason that the said defendant has prosecuted neither an original nor a cross-appeal therefrom.

Appellant, complaining of this adjudged construction of the will, has appealed, contending (1) that the trial court erred in holding that paragraph 5 of the will limited the fee devised in paragraphs 2 and 3 thereof; (2) that this will must be construed under Section 2342, Kentucky Statutes, as vesting in the devisee (appellant herein) a fee in and to the property, unless a different purpose appears by express words or necessary inference, as to which appellant contends that such different purpose is not shown, with the result that under Section 2342, Kentucky Statutes, all doubt as to what the will does provide must be resolved in favor of a title in fee; and (3) that the testatrix having devised this property in fee to appellant, the wish expressed in paragraph 5 of the will is not sufficient to modify the absolute gift or devise made in paragraphs 2 and 3 thereof.

As a preliminary to our discussion and disposition of these grounds assigned for reversal, it may be here observed that they all present but the one question and may be considered together in determining what the circumstances tend to show is the proper interpretation of the will in question when construed in accordance with the approved and well established rules and whether or not the learned chancellor has here interpreted the will in accordance therewith.

As to this, it is said in Clay v. McNabb, 286 Ky. 751, 151 S. W. (2d) 1027, 1028, that:

"In construing wills it is the duty of the chancellor to determine the intention of the testator by considering the will as a whole, and to give effect to all its provisions where it can consistently be done. Citizens' Trust Co. v. Fidelity Trust Co., 136 Ky.540, 124 S. W. 824; and to adopt that construction favoring a fee simple title where it is not clear from the will as a whole that a lesser estate was intended to be devised. Section 2342, Ky. Stats.; Hopson's Trustee v. Hopson, 282 Ky. 181, 138 S. W. (2d) 365; Ely v. United States Coal & Coke Co., 243 Ky. 725, 49 S. W. (2d) 1021."

Further as to this it is said in Ewering v. Ewering,

Executor, 199 Ky. 450, 251 S. W. 645, 646, a case involving the same question as here presented, that:

"Following the ancient rule the courts of some of the states, including some early opinions from this one, held that, when an absolute fee was first given, and which includes the unlimited power of disposition, it could not be limited or cut down by a following or subsequent clause; but more recently this court held that, since a will is not complete until all of it is written and duly executed by the testator, and since the first clause giving an absolute estate is not effectual for any purpose until the will is. executed, and, if the testator, before doing so, inserts a sentence or clause qualifying the absolute one, and thereby manifesting his purpose and intention not to devise an absolute estate by the first sentence or clause he used, his intention so manifested would be given effect * * *. When, therefore, a will devises or bequeaths property to one absolutely, and in a subsequent clause all of the same property is disposed of to others after the death of the first taker, the latter will be deemed as having only a life estate in it; but, if the limiting clause purports only to dispose of that portion of the property which the first taker does not consume or dispose of, and therefore operates only on some remaining portion of it, it will be given no effect, and the first taker will be deemed as taking an absolute estate, since in that event his absolute estate, with the accompanying right to dispose of the property is not curtailed or diminished in any respect."

See further a like statement of the rule with reference to subsequent language being construed as reducing a fee earlier devised appearing in Section 1504(b), page 442, 69 C. J., where, in support thereof, the case of Walker v. Walker's Adm'r, 239 Ky. 501, 39 S. W. (2d) 970, 971.

See, also, Lewis v. Lewis, 253 Ky. 843, 70 S. W. (2d) 679, 682, wherein is quoted with approval the text of 17 R. C. L., page 623, Section 11, which is as follows:

"Unquestionably, a devise of a fee may be restricted by subsequent words in the will and reduced to a life estate. * * * To give such effect, the words of the subsequent * * * clause must be as clear

and decisive as are the words of the clause giving the estate in fee. The authorities recognize a more significant purpose in an application which tends to cut down a larger estate to a life estate where the remainder thereby passes to a person who is in the line of descent than if it would pass to a stranger, because of the stronger motive which the testator would have to prefer the former to the latter class. * * * Obviously, a limitation over upon the death of the first taker is an indication of the intention of the testator that the first taker should have a life estate only.''

Such provision of the will as here found in favor of testatrix' husband, giving him the full use and occupancy of her property so long as he lived, which at his death was to go to the devisees named in clause 5 of the will as being the natural objects of her bounty next to her husband, strikes us as but a normal disposition of her property and expression of her wish which we may expect to find in the case of aged and childless persons in willing their property.

In the Lewis case, supra, the testator by the first clause of his will devised to his wife all his estate, real, personal and mixed, and directed that his debts be paid. By a subsequent clause, he devised that at the death of his wife, if any of his estate remained undisposed of, it be equally divided among his legal heirs according to law. In construing the will, the court said:

"There is no doubt but that its first clause gave to his wife an absolute estate in his property; but, as stated, he had the right under the all-prevailing rule, supra, to modify or qualify that clause in subsequent or other parts of his will, and the question is: Did he do so before he finished it?''

But it is to be noted that the case at bar is even stronger than the Lewis case.

Also, in the case of Nelson v. Nelson, 241 Ky. 564, 44 S. W. (2d) 555, the testatrix devised to her husband all of her estate, real, personal and mixed. Further, by a later clause it was provided that:

"It is my desire that my said husband before his death shall make provision for a bequest to be paid after his death of Three Hundred Dollars ($300.00) to my beloved granddaughter, Tensy Chapman.''

Also by a further clause she expressed her desire that her husband, before his death, should make provision for a bequest, to be paid after his death, of $50 to each of testatrix' grandchildren.

Appellant cites this case and relies on its holding as making a complete answer to his contention that the devise made by clause 5 of testatrix' will did not affect or tend to lessen the fee estate given him by its earlier clauses 2 and 3.

This court, in its opinion delivered in the Nelson case, said:

"The modern tendency of practically all courts is to discard, where it can be done, all technical rules of construction formerly employed in the interpretation of wills, and to ascertain and enforce the intention of the testator as gathered from the will in its entirety. This rule is firmly established in this jurisdiction. * * *

"Applying this rule to the will in the instant case, it is clear that the testatrix intended to give to her husband a life estate in all of her property, and, at his death, after the payment of the special bequests mentioned in clauses 3 and 4 of the will, that her sons, J. W. Nelson and Roscoe Nelson, should have the remainder of her estate. The second clause of the will, in which she devised all of her estate to her husband, contained a clearly expressed exception which indicated that this clause should be read in connection with the subsequent clauses."

See further in accord the case of Scott v. Smith, 286 Ky. 697, 151 S. W. (2d) 770.

The will before us, it should be kept in mind, is (though witnessed) yet a holographic will, written by a childless woman but a few days before her death, who, it may be reasonably presumed, was unfamiliar with the technical meaning of the terms she employed in writing her will. Further, it is to be noted that testatrix, after devising all of her property to her husband "in fee" by clauses 2 and 3 of her will, then proceeds by clause 5 to declare that it is her "wish" that at her husband's death $10,000 of her estate should go to Gardner Smith, whom it appears occupied the place almost of a child in her affections, and the remainder, half and half alike, to Ellen

Boswell Sherman and Billie Fisher, her closest blood relatives.

Appellant's contention is that the testatrix' use of the word "wish" in making this devise is but a precatory word and not sufficient to modify the absolute gift or devise made him, her husband, in clauses 2 and 3 of the will, especially, he insists, as the will must be construed under Section 2342 of the statutes as vesting in appellant a fee in the property in that no different purpose appears by express words or necessary inference.

The ruling of this court in construing a very similar will in the case of Coleman v. Griffin, 203 Ky. 109, 261 S. W. 890, 891, we are of the opinion, as argued by appellee, affords a sufficient answer to such contention. The pertinent parts of the will before us for construction in that case are as follows:

"In short I will and bequeath and devise to my said wife the entire estate owned by me at my death. * * * I also hereby request, bequeath and devise that at the death of my wife my estate then go to Maggie Coleman if she be living and if not I bequeath and request it to be given to her bodily heirs and if she has none at her death it is my desire that it go to the bodily heirs of James P. Coleman."

This court held that the wife took only a life estate, saying:

"It is a well-established rule, prevailing generally, that the intention of the testator shall govern the construction of the testamentary paper. Reading the will from its four corners we are fully convinced that the testator did not intend to give a fee-simple estate to his wife, although he did not expressly limit her estate to one for life. He did, however, name her as his executrix and provided that at her death his property should pass to Maggie Coleman, if living, and if not to her bodily heirs, if any, and if Maggie Coleman left no bodily heirs then to the bodily heirs of James P. Coleman, thus plainly indicating that his wife was to take a life estate merely. It therefore follows that the heirs of Mrs. Elizabeth A. Coleman did not take the land under the will."

Appellant urges the further point that testatrix

having devised her property in fee to him, her "wish" expressed in clause 5 was not sufficient to modify the absolute gift or devise made him in clauses 2 and 3. Such contention, according to the rules of construction very fully set out above, must needs be rejected.

Appellant's final contention is that testatrix having devised her property in fee to him, she could not lessen such gift by the precatory words used by her in clause 5 of her will, providing that it was testatrix' wish that at the death of her husband the property should pass in remainder to the devisees mentioned in said clause.

As to this, we may answer that it is well settled that such words as "wish" and "desire" and others of kindred significance may be not merely of precatory character but may be mandatory in their dispositive effect, where it is evident from the contextural language of the will and the circumstances under which it was written that same is to be so construed with a view to carrying out testatrix' evident intent in using them.

Such being our conclusion, it follows that such rules having been applied in the interpretation of the will by the chancellor, he correctly construed the will in question as giving only a life estate to appellant and the remainder property rights to the devisees mentioned in clause 5 of testatrix' will. Judgment affirmed.