# Threlkeld's Ex'rs et al. v. Synodical Presbyterian Orphanage Of Anchorage.

April 23, 1948.

Sympson & Turner and Thomas & Thomas for appellants.

Allen, McElwain, Dinning, Clarke & Ballantine for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is an appeal from a judgment of the Henry Circuit Court construing the will of W. S. Threlkeld, deceased. The testator left an estate worth approximately $300,000. In his will dated October 9, 1944, he made several specific bequests, including one of $5000 to E. O. Magruder and $5000 to each of Magruder's three children. He bequeathed $5000 to Mrs. Charlotte Callis, and directed his executors to place with a trust company in Louisville $30,000 for the benefit of Mrs. Callis, who is to receive $125 each month during her life. At her death, the principal remaining is to go to the Synodical Presbyterian Orphanage of Anchorage, Kentucky, referred to in the will as the Presbyterian Orphans' Home of Anchorage, Kentucky. The specific cash bequests in the original will amount to approximately $80,000.

The thirteenth clause of the will reads:

"Many years ago my wife and I agreed to give a large portion of our respective estates to the Presbyterian Orphans Home at Anchorage, Kentucky, and having that in mind as well as it being my individual desire, I give to the Presbyterian Orphans Home at Anchorage, Kentucky, all of the remainder of my estate."

In the fourteenth clause the testator appointed E. O. Magruder and J. Wirt Turner executors and directed them to sell all of his property, real and personal. On January 13, 1945, the testator executed a codicil in which he directed his executors to turn over $12,000 to the Citizens Union Fidelity Trust Company, of Louisville, for the benefit of Dr. Owen Carroll, who is to receive $1000 each year during his life and at his death the remainder, if any, is to go to the Presbyterian Orphanage at Anchorage, Kentucky. On November 8, 1945, the testator executed a second codicil, which reads:

"Nov. 8/1945.

"On account of the great increase, in value of both personal and real property I want to change and grant following bequests as follows, in my last will, dated Oct. 9/44.

"To the following that I gave $5,000.00 each I want to have ($10,000.00).

"My niece Elizabeth Cyrus.

"E. O. Magruder

"Jimmie Harding Hughes

"Mrs. Charlotte Callis.

"Also I want the darkes, Tom Johnson and Price Brown (Happy) to have $500.00, that is if Tom and Happy are living with me at the time of my death. Also Mrs. Callis is to have everything in front dining room and stoker in front hall.

"Arthur Stivers who has been with me several years has always been of great help to me. He owes me four $500.00 Five Hundred notes and if is living with me at time of my death I want one cancelled but if they should be paid I want $500.00 given to him.

"I always expect to keep two automobiles I want E. O. Magruder to have choice, Mrs. Charlotte Callis the other.

"I think Wm. Buford (son of Vida Threlkeld) as deserving boy, so I want $5000.00) Five Thousand Dollars given to him.

"W. S. Threlkeld"

In the third codicil he increased Price Brown's bequest from $500 to $1000.

Mr. Threlkeld died January 29, 1946, and on March 3, 1946, the executors brought this declaratory judgment proceeding for a construction of the will. They sought the advice of the court on six questions. An agreed judgment was entered declaring the rights of the parties as to five of the questions propounded in the petition, but the parties were unable to agree on the construction of the following clause in the codicil dated November 8, 1945:

"I always expect to keep two automobiles I want E. O. Magruder to have choice, Mrs. Charlotte Callis the other."

It appears that E. O. Magruder was a cousin of the testator and Mrs. Callis was his housekeeper. It was alleged in the petition that the testator did not own an automobile at the time of his death. He had given his automobile to G. L. Magruder, a son of E. O. Magruder, and had ordered a Lincoln automobile from an agent at Shelbyville, Kentucky, and a DeSoto automobile from an agent at Owenton, Kentucky. Neither of these automobiles had been delivered to the testator prior to his death, nor had delivery been tendered at the time the petition seeking a construction of the will was filed. E. O. Magruder claims that he is entitled to the Lincoln automobile and that the executors should be required to pay for it and deliver it to him, and Mrs. Callis claims that she is entitled to the DeSoto automobile and that the executors should be required to pay for it and deliver it to her. In paragraph one of her answer Mrs. Callis alleged as a conclusion that the testator had entered into a valid and binding contract for the Lincoln and DeSoto automobiles; that she was entitled to the DeSoto automobile; and that the estate of the testator

was responsible for the purchase price. She also alleged that W. S. Threlkeld did not at the time of his death own an automobile of any kind, but had contracted for the Lincoln and DeSoto and they were the automobiles referred to in the codicil of November 8, 1945. A demurrer to paragraph one of her answer was sustained after Mrs. Callis and the executors stipulated that the contracts referred to in paragraph one of the answer were oral and not in writing, involved sums exceeding $500 each and no part of the purchase price had been paid. It was stipulated that these facts should be considered as if stated in the pleadings. The court then declared the rights of the parties as follows:

"* * * The said will and codicil of said W. S. Threlkeld, deceased, are construed as not authorizing his Executors to perform the oral contracts referred to in the pleadings herein, by the acceptance of delivery of the automobiles referred to in said contracts, or the payment therefor by the Executors out of the assets of the estate of said decedent; and accordingly, it is the judgment of this Court that said Executors are not authorized to accept delivery of said automobiles, or either of them, or to pay therefor the purchase price thereof out of the assets of the estate of the said W. S. Threlkeld, deceased, or to deliver said automobiles to said defendants, Charlotte Callis or E. O. Magruder."

J. Wirt Turner and E. O. Magruder, executors, E. O. Magruder individually, and Charlotte Callis have appealed.

It is their contention that a latent ambiguity in the clause in question arises when the language of the will is applied to the facts of the case, and extrinsic evidence should be admitted to show what the testator meant by what he said. The extrinsic evidence which they would introduce is the fact that the testator had placed orders for two automobiles. It is conceded that these orders were verbal, and in view of KRS 361.040 that the contracts were unenforceable. The extrinsic evidence would be of no assistance in arriving at the testator's intention. The clause in Codicil No. 2 is clear and unambiguous. If the testator owned two automobiles at the time of his death Mr. Magruder was entitled to one and Mrs. Callis to the other. If he owned none, neither was

entitled to have one purchased out of the estate. There is nothing in the clause referred to, or other parts of the will, which indicates an intention on the part of the testator to require his executors to purchase two automobiles and deliver them to Mr. Magruder and Mrs. Callis in the event he owned none at the time of his death. If such had been his intention he could easily have expressed it. The construction urged by appellants would require the Court to import into the will an intention not expressed therein. In Bush's Ex'r v. Mackoy, 267 Ky. 614, 103 S. W. 2d 95, 96, it was stated that, where there is ambiguity in a will, the court will consider surrounding circumstances at the time of execution of will, amount of testator's estate, apparent motive which actuated him and other facts tending to throw light on the language used, and the Court then said:

"But such conditions cannot import into the will any intention not expressed therein."

In that case the description in the will of a lot devised was inaccurate and it was held that parol evidence was admissible to identify it. Here there is no inaccuracy or ambiguity in the description of the property. In Cambron v. Pottinger, 301 Ky. 768, 193 S. W. 2d 412, it was said that there is no requirement for the introduction of parol evidence to amplify the meaning of an unambiguous will which should be construed according to its terms alone. While it is a cardinal rule in the construction of wills that the intention of the testator must be ascertained and given effect, Cahill v. Pelzer, 204 Ky. 644, 265 S. W. 32, it is not the function of the court to make a will for the testator or to improve on the will as found or to give to the language of the testator an intent not deducible from the will itself. Calloway v. Calloway, 171 Ky. 366, 188 S. W. 410, L. R. A. 1917A, 1210; Meader's Ex'r v. Old Odd Fellows and Rebekahs Home, 296 Ky. 497, 177 S. W. 2d 874; Daniel v. Tyler's Ex'r, 296 Ky. 808, 178 S. W. 2d 411. In the will before us there is no ambiguity in the description of the property or of the persons named as legatees. Appellants' position in its final analysis is that the court should permit the receipt of extrinsic evidence to create an ambiguity which did not exist on the face of the will and then proceed to dissolve that ambiguity by accepting additional extrinsic evidence as to the testa-

tor's intent. Even if the facts referred to in the answer of Mrs. Callis and in the stipulation had been admitted in evidence, the ambiguity or uncertainty, if any, so created would not have been sufficiently clarified to authorize the Court to make the material additions to the language of the testator contended for by appellants. The pleaded extrinsic facts do not change the intrinsic evidence of the intent of the testator as expressed in his will. We think the chancellor correctly construed the clause in question and the judgment is affirmed..