**Lucille CARPENTER et al., Appellants,**

**v.**

**Emmett WELLS' ADMINISTRATOR (Edgar Wells) et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 5, 1954.

Henry H. Bramblet, Mt. Sterling, for appellants.

F. C. Bryan, Mt. Sterling, for appellees.

WADDILL, Commissioner.

Emmett Wells died testate, a resident of Montgomery County, Kentucky, on June 26, 1952. His holographic will executed on February 8, 1950, reads as follows:

"I request that all my personal and private *posseron* be *eqarally divde betwen* Hester and Edgar Wells."

This controversy over the construction of the will arises from different views as to what effect should be given to the term "request" and as to what the testator meant by the words "personal and private possessions." The Chancellor entered a judgment declaring that Emmett Wells had devised and bequeathed his entire estate, jointly and equally, to Hester and Edgar Wells.

The beneficiaries of the will, Hester and Edgar Wells, are a surviving sister and brother of the testator. Emmett Wells had never married and his parents had predeceased him. He also left surviving seven other brothers and sisters, three of whom are the appellants.

The property of the testator consisted of a farm of the appraised value of $14,000 and personal property valued at $4,700. It is conceded that there were debts against the estate in the amount of $3,881.28.

Considerable evidence was submitted to disclose the conditions surrounding the testator and the circumstances under which the will was prepared and executed. From this evidence we learn that Emmett Wells was 44 years of age at the time of his death; was uneducated, and had been a farmer all his life. He had lived with his father and mother, and he and his sister, Hester, who was unmarried, were the only children who made their home on the farm in question. There was evidence that on some occasions he and Edgar would get drunk together.

This case presents another occasion for applying the basic rule for the interpretation of wills, which directs the court to ascertain the intention of the testator from all the language employed in the will. Cummings v. Nunn, 290 Ky. 609, 162 S.W.2d 213. For the purpose of ascertaining such intention under that rule, a number of subsidiary rules have been adopted as guides for the court in arriving at the precise meaning of the language employed by the testator in expressing his intention, among which are: (a) That it is permissible to produce to the court, whose task it is to construe the will, the environments, circumstances, and surroundings of the testator at the time he executed his will; (b) that in cases of doubt and where the employed language may be interpreted so as to create intestacy as to a part of the estate, or may appropriately be construed as disposing of all of it, the latter interpretation will be adopted, upon the ground that it is presumed that, when the testator goes through the formality of executing his will, he thereby intends to make a complete disposition of his property and to die intestate as to none of it; and (c) the laws of human nature and the propelling influences of mankind may also be taken into consideration in ascertaining the meaning of language employed in a will. There are other subsidiary rules having the same purpose in view, but we find no place for their application in this case, and they will not be enumerated. Ford's Adm'r v. Wade's Adm'r, 242 Ky. 18, 45 S.W.2d 818, 80 A.L.R. 936.

With these rules to guide us, we again look to the language of the will. The word "request" is, of course, a precatory

word. This word may nevertheless be used as a term of disposition and when so used the courts have considered it sufficient to render the bequest or devise valid. Froage v. Fisher, 291 Ky. 655, 165 S.W.2d 358; Hagan v. Muir, 268 Ky. 636, 105 S.W.2d 820.

It is conceded that the words "personal" and "private" have a variety of definitions, and the sense in which they are employed is to be gathered from the context of the instrument. Courts take liberties with language used in wills in order to effectuate intention, for after all, words are used to convey ideas. The idea is primary, and the means of expressing it, secondary. Jennings v. Jennings, 299 Ky. 779, 187 S.W. 2d 459.

We think the terms employed by the testator, when considered in the light of his limited qualifications to execute a formal will, manifest a definite intention on his part to will both his real and personal property to Hester and Edgar Wells. Therefore, we are of the opinion that the judgment entered by the court was correct.

Judgment affirmed.