**Luther CHAFFIN, Appellant,**

v.

**Harry ADAMS et al., Appellees.**

Court of Appeals of Kentucky.

March 10, 1967.

M. J. See, C. F. See, III, See & See, Louisa, for appellant.

Eldred E. Adams, Louisa, for appellees.

CLAY, Commissioner.

This suit was brought by appellees to eject appellant from a farm they claimed to own, of which appellant had taken possession. On a motion for summary judgment made by both parties, the court adjudged title in appellees but reserved the assessment of damages. (The judgment was made final for the purposes of appeal.)

Appellant contends that he was frustrated by the turn the case took when both parties moved for summary judgment, but since there was no issue of fact on the question of title or liability, no valid objection to the procedure appears. Appellees contend appellant does not "possess the right of appeal" because he was a trespasser, but since that was the ultimate issue in the case and since appellant has a judgment against him, we find no reason why he has no right of appeal.

We reach the real controversy. It involves the construction of a holographic will of Laura Adams. If it devised the farm to her husband in fee simple, appellees prop-

erly prevailed. If it devised only a life estate, then appellant should prevail.

After providing, "I make my will to my husband Lum Adams", the will provides:

"* * * at my death I will to him my real estate * * *."

After unrelated other provisions, the will provides:

"* * * at my husband Lum Adamses death I will my real estate to ————."

Clearly the first part of the will devised to the husband a fee simple estate in the farm. The question is whether the subsequent uncompleted devise reduced it to a life estate.

■ A controlling principle is thus stated in Clay v. Chorn's Ex'r, 152 Ky. 271, 153 S.W. 425, 426:

"An estate once given in fee will not be defeated by a subsequent provision in the same instrument limiting it to a smaller estate, unless the language of the instrument or the intention of the testator requires it, and when, upon the consideration of the whole instrument, the mind is in doubt as to what estate was intended to pass, that construction will be adopted which passes the fee. Burnam v. Suttle, 148 Ky. 495, 147 S.W. 3; Edwards v. Cave, 150 Ky. 272, 150 S.W. 369."

■ Another principle of significance here is that the law favors the vesting of a fee. Clay v. McNabb, 286 Ky. 751, 151 S.W.2d 1027. Another is that in the absence of contrary language in the will the law presumes a testator does not intend to die intestate. Cuddy v. McIntyre, 312 Ky. 606, 229 S.W.2d 315.

■ It is evident from reading the will as a whole that the testator clearly intended to make a testamentary disposition of all her property. The husband, Lum, is the only named beneficiary in the will. (He was bequeathed all the personal property.) No reason appears why the testatrix would wish to reduce his interest in the realty to a life estate *unless she intended to benefit a secondary object of her bounty.* Her failure to name a remainderman indicates that at the time she wrote her will she had no fixed idea what person or persons, other than her husband, would share in her estate.

Perhaps the testatrix intended at some time to make up her mind and fill in the blank space. (There is a hint of a domestic threat here.) Until she did so, however, her purpose was unknown and unexecuted. Her indecision about the remainderman impairs the certainty of her intention to take the property from her husband at his death. We seriously doubt that the testatrix, for no apparent purpose, meant by this incomplete provision to derogate the estate of her husband, the only designated and natural object of her bounty. Applying the principles heretofore stated, in our opinion the Chancellor properly adjudged that the husband was devised a fee.

In our research we have considered a case not cited by either party which we believe should be distinguished. In McKee v. Hedges, Ky., 297 S.W.2d 45, the testator devised and bequeathed to his wife his real and personal property, immediately providing thereafter, "at her death to be given to some fund that she may see fit". It was held that the wife took only a life estate even though the attempted disposition of the remainder interest was too uncertain to be given effect.

A distinguishing feature in McKee was that the limitation on the estate was an integral part of the provisions creating the estate. Perhaps a more significant distinction is there the testator had specifically designated a recipient of the remainder interest. Though the remainderman could not be determined, the testator had a fixed and complete intention with respect

to the ultimate disposition of his property. As we have above pointed out, that cannot be said in the present case.

The judgment is affirmed.

All concur.