Winnie Lewis BRUNSON, Ethel B. Thomas, Frankie B. Pitcock, Cyrus Smith, Virginia Simmons and Chester Reed Smith, Appellants,

v.

CITIZENS BANK AND TRUST COMPANY OF GLASGOW, Kentucky, Executor of the Estate of Charles Edwin Thomerson, Janice Compton, Appellees.

No. 86–CA–2791–MR.

Court of Appeals of Kentucky.

June 3, 1988.

J. Wood Vance, Glasgow, for appellants.

Carroll M. Redford, Glasgow, for appellee Citizens Bank.

Danny J. Basil, Glasgow, for appellee Janice Compton.

Before COMBS, COOPER and WILHOIT, JJ.

COOPER, Judge.

This is an appeal from a summary judgment for the appellees, plaintiffs below, in a declaratory judgment action construing the language in a joint will. At issue is whether the trial court erred, as a matter of law, in ruling that there was no genuine issue as to any material fact and the appellees were entitled to judgment as a matter of law. CR 56.03. Reviewing the record below and the applicable case law, we affirm.

Without reciting all of the facts giving rise to this appeal, the essential facts are as follows: on January 31, 1966, Charles Edwin Thomerson and his wife, Vera E. Thomerson, executed a joint will. Item V of that will stated as follows:

Item V.

After the death of the survivor of us, we hereby will, devise and bequeath all the rest, remainder and residue of our property, which may be remaining upon the death of the survivor, as follows, to-wit:

(a) One-half to the living blood heirs of Charles Edwin Thomerson, and one-half to the living blood heirs of Vera Elizabeth Thomerson, to be theirs absolutely and in fee simple.

Vera Thomerson died on June 5, 1982; Charles Thomerson died on February 12, 1985. Subsequent to the death of his wife, Charles Thomerson prepared an affidavit in which he set forth whom he believed were the "living blood heirs" as well as the "blood heirs now living" of both himself and his wife. Specifically, he stated he was making "this affidavit to name the *blood heirs now living* of both me and my said wife, Vera E. Thomerson...." In it he listed an illegitimate daughter, Janice Compton, appellee herein, as well as three living sisters and the three children of one deceased sister. The affidavit, together with the will, was filed with the probate court.

Subsequent to the death of Charles Thomerson, an attorney for his estate filed a petition for declaration of rights seeking to determine the "living blood heirs" of Charles Thomerson. The appellants intervened claiming they were the heirs in question. The trial court subsequently entered summary judgment for the appellee, ruling that there was no ambiguity in the will in question and that "living blood heirs" meant "those persons who were related by blood and who would take his real estate if he died intestate." In so ruling, the trial court held that parol evidence could not be admitted to construe the meaning of "living blood heirs." *Cambron v. Pottinger*, 301 Ky. 768, 193 S.W.2d 412 (1946); KRS 391.010. As such, it held that the appellee, Janice Compton, was Charles Thomerson's only known child and thus the heir of his residuary estate. It is from such judgment that the appellants now appeal.

The single narrow issue presented to this Court is whether the trial court erred, as a matter of law, in ruling that there was no genuine issue as to any material fact and that the appellees were entitled to judgment as a matter of law. Both parties concede that there is no genuine issue as to any material fact. Consequently, the single issue is whether the appellees were entitled to judgment as a matter of law. Reviewing the record below, we find that the trial court acted correctly in entering judgment for the appellees.

It is axiomatic that a court cannot rewrite a will to make it say what it thinks the testator meant it to say yet did not. *Threlkeld's Ex'rs. v. Synodical Presbyterian Orphanage of Anchorage*, 307 Ky. 235, 210 S.W.2d 766, 768 (1948). A testator's intention must be determined by looking at the four corners of the document and such intention must prevail unless it is illegal or contrary to public policy. *Graham v. Jones*, Ky., 386 S.W.2d 271, 273 (1965). Here, there was no ambiguity in the language used by Charles Thomerson. As such, the trial court correctly determined that parol evidence would not be allowed to alter the legally acceptable definition of such term.

More importantly, although the joint will in question used the term "living blood heirs," the affidavit filed by Charles Thom-

erson attempted to name the "blood heirs now living" of both himself and his wife. Although some may argue that the difference between "living blood heirs" and "blood heirs now living" is a difference with no legal distinction, it is a difference of importance in that the phrase "blood heirs now living" is not in the will. On this basis alone, the trial court acted correctly in ruling that the legal term used in the will must prevail rather than any attempt by the testator to alter such meaning to include brothers and sisters.

The judgment of the trial court is affirmed.

All concur.