**Edith Coleman RATLIFF and Oll Ratliff, Appellants,**

v.

**Jane L. HIGGINS, as Administratrix With Will Annexed of the Estate of Glema R. Tackett; Jane L. Higgins, Individually, and James R. Higgins, Jr., her husband, Appellees.**

**No. 92–SC–280–DG.**

Supreme Court of Kentucky.

Jan. 21, 1993.

Rehearing Denied May 27, 1993.

Kelsey E. Friend, John Davis, Robert J. Greene, Kelsey E. Friend Law Firm, Pikeville, for appellants.

Louanne S. Love, Stephen R. Schmidt, Brown, Todd & Heyburn, Louisville, William G. Francis, Francis, Kazee & Francis, Prestonsburg, for appellees.

James R. Higgins, Jr., pro se.

REYNOLDS, Justice.

Discretionary review has been granted in this consolidated action between the heirs of a husband and wife, Victor Tackett and Glema R. Tackett, who contest the entitlement to the proceeds of the estate of Glema R. Tackett. The issue of this appeal arises from "the last will and testament of Victor Tackett and Glema R. Tackett."

The will, which was a single document, was executed August 16, 1977, by both testators, the Tacketts. The pertinent provisions of that will are as follows:

### ITEM II

It is the desire of each of us that all property of every kind and nature both personal and real shall become the property of the Survivor. I, Victor Tackett will that at my death all of my property of every kind and nature shall become the property of my beloved wife, Glema R. Tackett and I, Glema R. Tackett will that at my death, all of my property of every kind and nature shall become the property of my beloved husband, Victor Tackett. If we should die in a common disaster simutaneously (sic) so that it could not be determined who the survivor is, then our property both personal and real shall become that of Barbara N. Tackett, mother of Victor Tackett her life time to do as she pleases and if she should predecease us it is our desire that it become the property of Jane Lee Higgins of Louisville, Ky. in fee simple.

### ITEM III

It is the desire of each of us that the survivor may do as he wishes with the

property upon the death of the other. If it should become necessary to sell the real estate this shall be done at the discretion of the survivor.

Victor Tackett died April 4, 1988. Barbara N. Tackett, referred to in the will, was the mother of Victor Tackett and predeceased Glema R. Tackett. Jane Lee Higgins, also referred to in the will, is the natural daughter of Victor Tackett, but a step-daughter of Glema R. Tackett. Glema R. Tackett died February 24, 1990, without issue. Glema R. Tackett's sole heir at law is her mother, Edith Coleman Ratliff, a party herein.

Subsequent to Mr. Tackett's demise, Glema took no other action concerning any type of a testamentary document.

The Pike Circuit Court, by judgment, held that the joint will operated as only the will of the "first to die." The circuit court found that upon Victor Tackett's death, Glema Tackett became owner in fee simple absolute of all the property of Victor Tackett and Glema Tackett. The circuit court further held that the last sentence of Item II was clearly conditional upon the death of Glema and Victor, "in a common disaster simultaneously (sic) so that it could not be determined who the survivor is...." Judge Lowe thereby ordered and declared Glema Tackett to have died intestate and her entire estate to have descended to Edith Coleman Ratliff, as her sole heir at law.

The Court of Appeals reversed and rejected the "first to die" rule and invoked the long-standing bias against intestacy where there is evidence that a will has been made. The Court relied upon *Chaffin v. Adams*, Ky., 412 S.W.2d 563 (1967), which holds "in the absence of contrary language in the will, the law presumes a testator does not intend to die intestate." The appellate court considered the "common disaster" provision of Item II of the Tacketts' will as greatly manifesting testators' intent to leave their property to first, Victor's mother, Barbara, and alternatively, to Jane, his daughter. The court concluded upon Glema's death the "antilapse" statute, KRS 394.400, was implemented so that

her estate passed to Jane under the terms of the Tacketts' will.

KRS 394.400, "the antilapse statute," reads as follows:

**Issue of dead devisee or legatee take parents' share.**—If a devisee or legatee dies before the testator, or is dead at the making of the will, leaving issue who survive the testator, such issue shall take the estate devised or bequeathed, as the devisee or legatee would have done if he had survived the testator, unless a different disposition thereof is made or required by the will.

■■■ We hold that KRS 394.400 simply does not apply under the facts of this case. Barbara N. Tackett and Jane Lee Higgins' interest in the estate *was solely dependent upon the happening of a condition precedent, Victor and Glema Tackett's simultaneous death in a common disaster.* A condition precedent is one that must happen or be fulfilled or performed before the estate or interest can vest. 96 C.J.S. § 925. The conditional bequest to Tackett and Higgins may be directly analogized to the conditional will in the case of *Ellison v. Smoot's Adm'r,* 286 Ky. 768, 151 S.W.2d 1017 (1941). In *Ellison,* the court held if a will is conditional, it does not take effect unless the event upon which it is contingent takes place. *See* Russell and Merritt, *Kentucky Practice,* Vol. 1, § 548–549 (1955). As the condition precedent, the simultaneous death of Victor and Glema Tackett, did not occur, Barbara N. Tackett and Jane Lee Higgins' conditional interest failed. Therefore, they neither took, nor were they entitled to an interest in the estate.

In this case, the condition of inheritance (to either Barbara N. Tackett or Jane Higgins) was expressly fixed upon the latter provision of Item II of the will relating to the testators' simultaneous death. A "condition precedent," as in this will, is a condition that must have been performed or occur before any right intended to be created thereby accrues. Said otherwise, the language of the particular clause shows that the act on which the estate depends must have occurred before the estate can

vest. This condition or occurrence is, of course, "precedent" and, unless it occurs, the devisees take nothing. To ascertain whether a condition precedent exists, the Court looks to intent of the testator as determined from the context of the instrument construed. *Carroll v. Carroll's Ex'r,* 248 Ky. 386, 58 S.W.2d 670 (1933). We find Victor and Glema Tackett intended their simultaneous death to be such a condition.

We find it unnecessary to adopt the theory of "the will of the first to die," but recognize that Victor Tackett left all property, upon his death, to Glema Tackett. In a subsequent item in the will the testators announced that it was their intent for each survivor to do as that survivor wished upon the death of the other. Regardless which of the testators survived, he or she was given full authority to dispose of the property at their discretion. Such items of the will, read in conjunction with one another, operate to devise to Glema Tackett a fee simple absolute interest in all of the parties' property. The archaic notion of requiring "words of inheritance" in order to transfer a fee simple absolute is no longer the law. There is no remaining interest in any other person. KRS 381.060 and *Collings v. Collings,* Ky., 260 S.W.2d 935 (1953).

The terms of the will are clear and *unambiguous* and, therefore, no reason exists to go beyond the four corners of the will and speculate through parol evidence as to testators' intent. *Cambron v. Pottinger,* 301 Ky. 768, 193 S.W.2d 412 (1946) and *Brunson v. Citizens Bank and Trust Co.,* Ky.App., 752 S.W.2d 316 (1988). Since the will was unambiguous and did not account for the situation that Victor Tackett's heirs maintain, no intent to leave the estate exclusively to Victor Tackett's heirs may be inferred merely from the fact that Glema Tackett executed no testamentary document after her husband's death. *Dils v. Richey,* Ky., 431 S.W.2d 497 (1968). As such, her will was inoperative and her property passed according to the laws of intestate succession. We disagree with the opinion of the Court of Appeals and reverse.

All concur.